No. 24.—George W. Short, plaintiff in error, *vs.* Ed. Kellogg & Co. defendants in error.

[1.] The doctrine of amendments to records and judicial proceedings, in England and in this country, stated.

[2.] This Court will not control the discretion of the Circuit Court, in refusing to allow a *nunc pro tunc* judgment of nonsuit, founded upon an entry

on the Judge's docket, and parol proof of what was ordered to be done, ten years having intervened.

Motion, in Muscogee Superior Court. Decision by Judge IVERSON, May Term, 1851.

This was a motion to amend the minutes of the Court, by entering a judgment of non-suit, *nunc pro tunc*, under the following state of facts:

On the 7th day of Nov. 1840, George W. Short was arrested by the Sheriff, under a *ca. sa.* at the instance of Edward Kellogg & Co. and gave bond for his appearance at the next term of the Superior Court, to take the benefit of the " Honest Debtor's Act." The papers were returned by the Sheriff, and no farther proceedings appear by the record to have been taken by the parties.

At May Term, 1851, Short, by his counsel, moved the Court to amend the record, and enter a judgment of non-suit in said cause, *nunc pro tunc*, as of October Term, 1841, upon the following evidence: Upon the motion docket of said Court, in which the case of *Kellogg & Co. vs. Short*, was stated and regularly entered, at April Term, 1841, opposite the said case, was this entry and no other, " Oct. Term, 1841—non-suit." It was admitted by plaintiffs in *ca. sa.* that this entry was made at that term by Judge *Wellborn*, then presiding in said Court, and in his own handwriting. It farther appeared, that across the names of plaintiff and defendant in said case, lines were struck with a pen, in the same manner as is usual for a Judge to do, when he strikes a case from the docket, after awarding a *non-suit;* and it was admitted that these lines were so struck with a pen by Judge *Wellborn*, at said October Term, 1841, when said cause was regularly in order for trial. It was not admitted that the Judge then and there awarded a non-suit. The minutes of the Court, at October Term, 1841, show no order or entry touching said case.

The Court refused to grant the motion, and this decision is assigned as error.

Other grounds of error were assigned, but were not consider-
ed and determined in the Supreme Court.

B. HILL and H. HOLT, for plaintiff in error.

JAS. JOHNSON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Did the Court err in refusing permission to the defendant in
*ca. sa.* to prove by *parol*, a judgment of non-suit in his favor,
after the lapse of *ten* years, and have the same entered, *nunc
pro tunc?*

[1.] On no point, perhaps, is there a greater conflict and
contrariety of decisions, than the allowance of amendments to
records and judicial proceedings. At the Common Law, no
judgment was amendable after the term at which it was enter-
ed, (3 *Black. Com.* 407. 1 *Bacon's Abr. tit. Amendment, G. p.*
167. 2 *Sellon's Pr.* 458,) and following the English rule, the
Courts in Kentucky and Ohio have decided, that a *nunc pro tunc*
order cannot be made out at a subsequent term, nor can a *nunc
pro tunc* order be founded upon parol proof of what was ordered
to be done at the previous term. *Ohio Cond. Rep.* 168. *Green
vs. Dodge, Ibid,* 638. 1 *J. J. Marshall's R.* 365.

So in Mssissippi, it has been held, that the notes made by the
Judge on the docket, constituted no part of the record, and were
not evidence for any purpose, not even to authorize an amend-
ment or correction to be made by the Judge himself, of his own
proceedings ; that they were even more objectionable than parol
evidence. *Burney vs. Bryt,* 1 *How. Rep.* 39. *Orne, appellant,
vs. Sullivan,* 3 *How. R.* 161.

On the other hand, in *The State vs. King,* (5 *Ired. Rep.* 203,)
Judge *Griffin* said, that the Supreme Court of North Carolina
had so frequently had occasion to declare that the power resides
in every Court to amend the entry on the minutes, or the record of
its orders and judgments, *nunc pro tunc,* that he supposed the
point would be made no more, and in *Gallenary vs. McKeithen,*

(*Ibid*, 12,) it was held that a Court has a right to amend the records of any preceding term, by inserting what has been omitted, either by the act of the Court or of the Clerk, and that accordingly the County Court of Brunswick, at the December session, 1842, had a right to amend an omission in the record of the same Court, which had taken place at June Term, 1837, five years previously.

And between these extremes, there is every imaginable variety of adjudication.

Under these circumstances, we are unable to prescribe any definite rule of universal application, even in England, where it is stated that no amendments are allowed to be made in the process, pleadings and proceedings, only where the cause stood *in paper*, and before the judgment is given and enrolled. We meet, unquestionably, with some striking exceptions to the doctrine.

In *Cogan vs. Elden et al.* (1 *Burr.* 583,) Lord *Mansfield* presiding, the verdict was amended *from the Judge's notes*, and the affidavits of the Jurors who rendered it. Judgment against an executor *de bonis propriis*, was amended by making it *de bonis test. et si. non, &c.* after writ of error brought *nul tiel record* pleaded, and argument in the Exchequer Chamber. *Short vs. Coffin, Ex.* 5. *Burr.* 2730. *Dougl.* 116. *Postea* amended *by the Judge's notes* after final judgment and lapse of *two years*. 3 *Durnf. & East*, 749. And for numerous cases of amendment of *postea* verdict, judgment, &c. *by the Judge's notes*, after error and joinder, see 2 *Sellon's Pr.* 408, *ch.* 9, §8, *letter d.*

And Mr. *Tidd*, in his excellent work on Practice, has laid this down on the clear doctrine of the Courts, in all cases of ordinary suits, (excluding fines and recoveries,) that judgments and records are allowed to be amended—1st, where the case is within some Statute—or 2d, where there is something to amend by, "that is, where there is some memorial *paper* or *other minute* of the transactions in the case, from which, what actually took place in the prior proceedings, can be clearly ascertained and known." 1 *Tidd's Pr.* (9th ed. 1828,) 711, 712.

[2.] With this latitude of distinction, I am inclined to think, that had the motion in this case been made before me, I should have allowed the amendment, believing from all the testimony, that the purposes of justice would have been aided by it, especially, taking into the account the very loose manner in which records have been kept in this State. Still, we are unwilling to control the presiding Judge in the exercise of his discretion, in view of all the facts before him, and consequently affirm the judgment.