HENRY HEGELER *v.* GEORGE HENCKELL.

WAIVER OF RIGHT TO MOVE FOR NEW TRIAL.—If a statement prepared on motion for a new trial is not filed within the time prescribed by the one hundred and ninety-fifth section of the Practice Act, the right to move for a new trial is waived, and when such right is thus waived the Court has no power to restore it.

AMENDMENT OF ENTRIES OF CLERK OF COURT.—Clerical errors and misprisions with respect to entries of judicial proceedings may be corrected by the Court even after the adjournment of the term, but the record itself must show the error.

POWER OF JUDGE AT CHAMBERS.—A Judge at Chambers has no power to make an order directing the Clerk of his Court to enter in the minutes of the Court, *nunc pro tunc,* an order alleged to have been made in open Court.

ENTRY OF ORDER OF COURT *nunc pro tunc.*—A Court has no power, after the adjournment of a term, to direct the Clerk to enter in the minutes, *nunc pro tunc,* an order made at the adjourned term, where there is nothing in the record to show that such order was made.

ORDER GRANTING NEW TRIAL.—If the statement on motion for a new trial is not filed in time, an order granting a new trial for causes appearing in such statement only will be reversed by the appellate Court.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*Temple & Thomas,* for Appellant.

The Court was not authorized to amend the record after the expiration of the term of the Court, without something in the record to amend by. (3 Cal. 255 ; 9 Cal. 351 ; 13 Cal. 107 ; *State* v. *Smith,* 1 N. & M. 16 ; *Smith* v. *Jackson,* 1 Paine, 486 ; *Bowman* v. *Green,* 6 Monroe, 341 ; *Probasco* v. *Probasco,* 2 Penn. 10, 12 ; *Marsh* v. *Berry,* 7 Cow. 344 ; 3 Cow. 43, and notes ; *Waldo* v. *Spencer,* 4 Conn. 71 ; 2 Virg. Cases, 527 ; *State* v. *Harrison,* 10 Yerger, 542 ; *Groves* v. *Fulton,* 7 How. Miss. 592 ; *Bondurant* v. *Thompson,* 15 Ala. 202 ; *Ketchen* v. *Moye,* 16 Ala. 143 ; *Gibson* v. *Wilson,* 18 Ala. 63 ; *Metcalf* v. *Metcalf,* 19 Ala. 319, 665 ; *Hudson* v. *Hudson,* 20 Ala. 364 ; *West* v. *Galoway,* 33 Ala. 306, 553.)

*George Pearce,* for Respondent.

Every Court of original and general jurisdiction has and holds a revisory jurisdiction over the record of its own proceedings. (*Clapp* v. *Graves,* 2 Hilton, 317 ; *Key* v. *Robinson,* 8 Ind. 368 ; *Claggett* v. *Simes,* 11 Foster, 56.)

Section sixty-eight of the Practice Act authorizes the Court, *in furtherance* of justice, to amend any proceeding.

By the Court, CURREY, J.

Judgment was rendered in plaintiff's favor on the 16th of February, 1864, and thereupon the defendant gave notice of his intention to move for a new trial. The statement to be used on the motion was filed on the 5th of March following. On the 4th of June the defendant applied to the Judge of the Court at Chambers for an order directing the Clerk to enter in his minutes of the proceedings of the Court, as of the day when the judgment was rendered, an order staying proceedings in the cause and granting to the defendant fifteen days in addition to the time allowed by statute, within which to prepare and file a statement on motion for a new trial. This application was founded on the affidavit of the defendant's

attorney, as well as upon the pleadings, proceedings and papers in the action. The defendant's attorney deposed that when judgment was rendered he asked and obtained of the Court fifteen days in addition to the time prescribed by statute, within which to prepare and file a statement on which to move for a new trial and a stay of proceedings in the meantime. That he drew up the order and procured the signature of the Judge thereto, and placed the same in the hands of the person then acting as the Deputy of the Clerk of the Court. That the Clerk and his Deputy, either through design, accident or mistake, had neglected entering the order made. One of the attorneys for the plaintiff made a counter affidavit, in which he stated positively that the additional time granted by the Court was made orally in open Court, and that it was ten and not fifteen days; that he knew nothing of any written order signed by the Judge, and that if such an order was so signed it was different from the one announced from the bench when the application for additional time was made. He also deposed that after the statement was filed, the defendant's attorney applied to the plaintiff's attorney, by letter, requesting them to stipulate to waive the consequences of his having failed to file in time his statement on motion for a new trial, and that they refused to comply with such request. The Clerk of the Court deposed that the written order, which the defendant's attorney mentioned in his affidavit, was never in his possession as Clerk or otherwise, and that after searching for it he had been unable to find it in the Clerk's office. It was in proof by affidavits that the Deputy Clerk referred to had removed from the county.

The motion, with the objections thereto, was heard by the Judge at Chambers. Upon the argument, the Judge informed the counsel of the parties that he did not recollect the order referred to in the affidavit of defendant's attorney, but would find the facts to be as therein alleged. At the same time the defendant moved, upon the statement filed, for a new trial, when the plaintiff objected, upon the ground, among others, that the defendant had waived his right to move for a new trial,

because he had not filed his statement within the time prescribed by law, or the order of the Court, or the Judge thereof at Chambers. The case was then taken under advisement, and at the next term of the Court an order vacating the judgment and granting a new trial was made. From this order the plaintiff has appealed. The grounds of objection assigned are in substance as follows :

First—That the defendant waived his right to a motion for a new trial by not filing his statement within the time prescribed by section one hundred and ninety-five of the Civil Practice Act.

Second—That there was nothing in the affidavit of the defendant's attorney which took the case out of the provisions of said section.

Third—That the Court could not regard anything in that affidavit as evidence of the existence of the supposed order therein mentioned.

Fourth—That the Court was not authorized to amend the record after the expiration of the term of the Court without something to amend by.

Fifth—That the Court erred in granting the motion for a new trial.

It is not necessary to consider these objections *seriatim.* If the statement prepared by the defendant was not filed within some time for which the one hundred and ninety-fifth section of the Practice Act makes provision, then by the terms of that section the right to move for a new trial was waived, and when such right was waived the Court was powerless to rescue the case from the consequences of the defendant's default.

The order which the defendant's attorney deposes was made and signed, was not made a part of the record of the proceedings in the case at the term of the Court when the judgment was rendered, and the appellant maintains that the omission cannot be remedied by the Court after the term has elapsed. It is the duty of the Clerk to enter all orders made by the Court in the minutes of its proceedings, and the parties con-

cerned should see to it that such orders are entered. Clerical errors and misprisions may occur in respect to entries of judgments, orders, and other matters connected with judicial proceedings, which it is competent for the Court to order amended or supplied; and this may be done even though the term when the error or mistake happened may have passed, provided the party moving proceeds with due diligence. (*Swain* v. *Naglee*, 19 Cal. 127.) In this case it was not sought to amend an entry made, but to obtain an order empowering and directing the Clerk to enter in the minutes, *nunc pro tunc*, an order alleged to have been made in open Court. Such an order could not properly be made by the Judge at Chambers; and we cannot discover from the record that such order was made either at Chambers by the Judge or at any time by the Court; and therefore the case stands upon the naked question whether the Court committed an error in vacating the judgment and granting a new trial. The notice of application for a new trial was duly given, but the statement required was not filed in time to save and secure the right to move for a new trial. At the time the motion was made and when it was granted, the right to move for a new trial was gone, and the Court had no power to vacate and set aside the judgment.

Therefore the order vacating and setting aside the judgment and granting a new trial must be and is hereby reversed.

Mr. Justice SAWYER expressed no opinion.