# Herring v. Cherry, Smith & Co.

*Motion to enter Judgment Nunc pro Tunc.*

1. *Amendment of record nunc pro tunc ; evidence in support of.*—On a motion to amend a record *nunc pro tunc,* parol evidence is never admissible; but the court, in considering such motion, can only look to matters of record, or *quasi* of record, including any entry or order made by or under the authority of the court, in some book belonging to the office, and authorized to be kept by law, or to papers on file in the cause, which may properly be considered as *quasi* records of the court.

2. *Same ; when entry of judgment can not be made.*—An amendment of the record *nunc pro tunc,* by entry of a judgment for the plaintiff, can not be made on a paper found in the file, not entitled in the cause, and not marked filed, purporting to be a verdict of the jury " for the plaintiff," and to be signed by the foreman, in the absence of some entry or memorandum on the judge's docket, or other record evidence, that a judgment was rendered in the cause at the term the trial is alleged to have taken place.

3. *Same ; admissibility of parol evidence.*—In such case, it is not per-

[Herring v. Cherry, Smith & Co.]

missible to prove by parol evidence, that there was a trial of the cause before a jury, and that the paper purporting to be a verdict was in fact the verdict returned by the jury.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was a motion by the plaintiffs in a statutory real action in the nature of ejectment, appellees in this court, to amend the record *nunc pro tunc* by entering judgment in their favor. As recited in the bill of exceptions, on the hearing of the motion it was shown that "there was on file in the said cause a paper-writing as follows : 'We, the jury, find verdict for the plaintiff. C. W. Peabody, Foreman.' Said writing was not indorsed on the complaint, or any paper in the cause, but was written on a separate piece of paper, on which there was no other writing." The plaintiffs were then allowed to prove, against the defendant's objection, that at a previous term of the court, said cause was submitted to a jury, and was by them tried, and that "the paper-writing above referred to was returned by the jury as their verdict in said cause." To this ruling the defendant excepted. As further recited in the bill of exceptions, "this was all the evidence adduced to show there had been a trial of said cause, or a verdict rendered therein by the jury. There was no minute entry of any kind, nor was there any memorandum on the judge's docket, or elsewhere, showing that any trial of said cause had been had, or any verdect rendered, except the said paper-writing." The court granted the motion, and caused the said verdict to be entered of record, and a judgment to be entered thereon ; and to this ruling the defendant excepted.

The rulings above noted are here, *inter alia*, assigned as error.

J. M. CHILTON, for appellant.

W. H. BARNES & SON, *contra*.

SOMERVILLE, J.—The amendment authorized by the circuit court in this case was improperly allowed under the rule prevailing in this State in reference to making amendments of records *nunc pro tunc*. Our established practice is to permit such amendments to be made only on matters of record, or *quasi* of record, and parol evidence is never admissible in aid of such a motion.—*Lilly v. Larkin*, 66 Ala. 126 ; *Nabers v. Meredith*, 67 Ala. 333 ; *Metcalf v. Metcalf*, 19 Ala. 319 ; *Draughan v. Tombeckbee Bank*, 1 Stew. 66 ; s. c. 18 Amer. Dec. 38 ; *Ex parte Jones*, 61 Ala. 399.

[Herring v. Cherry, Smith & Co.]

The entry of a judgment *nunc pro tunc* is never proper, in the absence of record evidence that a judgment has been ordered by the court, its function being to supplement the failure or neglect of the clerk to copy such judgment more elaborately upon the record. For this purpose the court can only look to matters of record, including any entry or order made by or under the authority of the court, in some book belonging to the office, and authorized to be kept by law, or to papers on file in the cause, which may properly be considered as *quasi* records of the court.—*Hudson v. Hudson*, 20 Ala. 364. The amendment must be in aid of something that has been imperfectly done, and not to do something which has been totally left undone. If the record fails to show any entry or memorandum of the judge ordering a judgment, no case is presented authorizing a *nunc pro tunc* entry.—Freeman on Judg. (3d Ed.) §§ 68, 62.

Where the papers on file in the cause show a verdict rendered at a previous term, and there is an order or memorandum on the judge's docket showing the fact of the rendition of judgment on such verdict, however brief or imperfect, an entry *nunc pro tunc* may be made at a subsequent term of the court, entering up judgment in proper form. The case of *Mays v. Hassell*, 4 Stew. & Por. 222, cited on the brief of appellee's counsel, does not go further than this, and such, in fact, is the generally recognized rule on the subject.—*Thompson v. Miller*. 2 Stew. 470; *Gray v. Thomas*, 12 Sm. & Marsh. 111; *Shephard v. Brenton*, 20 Iowa, 41.

The record in the case before us fails to show any entry or memorandum on the judge's docket, or any other record evidence that a judgment was rendered in the cause at the term when the alleged trial took place. No action of the court is shown on the paper claimed to be a memorandum of the verdict of the jury signed by the foreman. This is fatal to the case, and could not be supplemented by oral evidence. We need say nothing of other errors assigned.

The act of March 1, 1881, regulating the mode of procedure in making amendments of this character, does not change the foregoing principles of law, which have so long prevailed in this State. It only provides for giving *notice* of such applications to adverse parties, and regulates the taxation of costs. The proviso is express, that the act " shall not be so construed as to extend or enlarge the power or jurisdiction of any court to enter any judgment, order, or decree, *nunc pro tunc*."—Acts 1880–81, pp. 66–67, § 3.

The judgment of the circuit court must be reversed, and a judgment here rendered dismissing the motion of the appellees at their own costs.