## MARY E. TYNAN

*v.*

## HENRY WEINHARD *et al.*

*Filed at Mt. Vernon November 23, 1894.*

1. EVIDENCE—*of entry of judgment not proved by parol.* The fact that a judgment was ordered by the judge at a previous term can not be shown by parol evidence nor can it be established from the memory of the judge himself.

2. SAME—*judicial proceedings must be proved by the records.* Where the petition and judgment for the adoption of a child were never entered upon the records as required by law, parol evidence cannot be received to prove their existence, and procure the entry of such judgment *nunc pro tunc* at a subsequent term.

3. LACHES—*one entitled to judgment must have it entered.* A judgment *nunc pro tunc* will not be entered, even in a proper case, if the delay in entering it was caused by *laches* of the party entitled thereto.

*Weinhard* v. *Tynan,* 53 Ill. App. 17, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of the city of Alton ; the Hon. JAMES E. DUNNEGAN, Judge, presiding.

This was a motion filed in the City Court of Alton by the appellant, December 28, 1892, praying that court to enter *nunc pro tunc*, after the lapse of twenty-three years, an order of adoption of herself as the child of one Jacob Young, which order is alleged to have been made by the then judge of the Alton City Court on the 28th day of September, 1869. The allegations in support of the right to have said *nunc pro tunc* order entered are contained in said written motion, and are substantially as follows :

That appellant is the daughter of Michael and Mary E. Murray, both now deceased, and that she is the same Mary E. Murray hereinafter mentioned ; that on or about the 28th day of September, 1869, being one of the days of the September term, 1869, of the Alton City Court, said court being at that time in session, a petition was presented to said court by Jacob Young, of the town of Greenwood, (now North Alton,) in the county of Madison aforesaid, which said petition was in substance as follows, to-wit :

"*To the Honorable Judge of the Alton City Court:*

"Your petitioner, the undersigned, Jacob Young, respectfully represents to your Honor that he is a resident of the town of Greenwood, in the county of Madison and State of Illinois; that he desires to adopt as his own a minor female child named Mary E. Murray, and to change her name to Mary E. Young; that Mary Ellen Murray, the mother of said child, is dead ; that Michael Murray, of said town of Greenwood, is the father of said child, and consents to her adoption by your petitioner, and to the change of her name as above set forth ; that said Michael Murray had notice of this application ; that it will be to the interest of said child to be adopted as the child of your petitioner; wherefore your petitioner prays your Honor to enter an order declaring said minor child the adopted child of your petitioner, and changing her name to Mary E. Young, and your petitioner will ever pray, etc.                                    JACOB YOUNG."

That on the same day an order was made by said court in substance as follows:

Now, on this 28th day of September, 1869, comes Jacob Young, and presents his petition to court for leave to adopt said Mary E. Murray as his own child, and to change her name to Mary E. Young; and the court being satisfied of the truth of said facts stated in said petition, that the said petitioner resides in the town of Greenwood, in the county of Madison and State of Illinois; that said Mary E. Murray is a minor, aged four years on the 20th day of May, 1869; that the mother of said child is dead; that her father had notice of the presentation of this petition and consented to the adoption of the said child and to the change of her name, and the court being satisfied that such adoption will be for the best interest of such child, it is ordered by the court that from this time, henceforth, the said Mary E. Murray shall, to all legal intents and purposes, be the child of said Jacob Young, and that her name be changed to Mary E. Young. It is further ordered that the petitioner pay all costs of this proceeding.

That said order was duly approved by the judge of said court, and was endorsed "approved" by the judge of said court, over his signature, written on the back of said order, but through mistake or misapprehension on the part of the clerk of said court said order was not entered on the records of said court, but was delivered, together with said petition, back to said Jacob Young, who took the same home with him, supposing it was handed to him to keep as evidence of his having adopted said child, and thereafter said Jacob Young frequently showed said petition and order to other persons in support of his assertion that he had adopted said Mary E. Murray as his child, and she always thereafter passed as his adopted child and so considered herself; that said Jacob Young departed this life on or about the 19th day of July, 1875, and without issue; that the names of the heirs of

said Jacob Young are unknown to the said Mary E. Tynan, and by diligent inquiry cannot be ascertained; that after the death of said Jacob Young said petition and order could not be found and have since never been found; that said Mary E. Tynan is now a resident of the city of Portland, in the State of Oregon; that Jacob Young removed from the town of Greenwood to the city of Portland, in Oregon, about the month of May, 1873; that Mary E. Tynan resided with him from the time of her adoption until his death, and was known and treated as his daughter, and went by the name of Mary E. Young during all that time; that on the 5th day of May, 1883, she was married to one John Tynan, in the city of Portland, State of Oregon. The said Mary E. Tynan moves the court to enter said order of adoption *nunc pro tunc*, as made by this court at the September term of this court, 1869.

At the February term, 1893, Michael Suis, heir of Jacob Young, deceased, and Henry Weinhard, successor in interest, appeared as defendants, and entered their motion to dismiss appellant's said motion and petition, but the court denied the same, and thereupon said defendants demurred to said motion and petition of appellant for insufficiency, which demurrer was overruled on February 7, 1893. On February 8, 1893, defendants filed their answer, traversing each and every material allegation of appellant's said petition and motion, and on the same day the court, by its order of that date, referred the cause to a special master in chancery to take the testimony. He reported all the testimony taken by him.

On March 15, 1893, a final order and decree were entered in this cause, reciting that by mistake or inadvertence of the clerk of said court said order was never entered on the records of said court, and that said order so made by said court has been lost or destroyed and can not be found; that the said order of adoption so made by said court at said September term, 1869, be entered *nunc*

*pro tunc* upon the records of said court by the clerk of said court as of said 28th day of September, 1869, and that the petitioner, Mary E. Tynan, pay the costs of this proceeding.

Mr. LEVI DAVIS, Jr., and Mr. HENRY S. BAKER, Jr., for the appellant.

Messrs. LEE, McKEIGHAN, ELLIS & PRIEST, and Messrs. WISE & McNULTY, for the appellees :

At a subsequent term the court can only allow amendments in mere matters of form, or to correct clerical errors, after notice has been given to the opposite party. *Cook* v. *Wood*, 24 Ill. 295 ; *Coursen* v. *Hixon*, 78 id. 339 ; *Insurance Co.* v. *Chamber of Commerce*, 69 id. 22 ; *Becker* v. *Palmer*, 83 id. 568 ; *McKindley* v. *Buck*, 43 id. 488 ; *Savings Institution* v. *Nelson*, 49 id. 171; *Smith* v. *Wilson*, 26 id. 186 ; *Cook County* v. *Dock Co.* 131 id. 510.

There must appear by the judge's minutes, or elsewhere in the records, evidence upon which to allow the amendments or order *nunc pro tunc*. *Coughran* v. *Gutcheus*, 18 Ill. 390 ; *Lilly* v. *Shaw*, 59 id. 72 ; *Frew* v. *Danforth*, 128 id. 242 ; *Dougherty* v. *People*, 118 id. 164; *Troulman* v. *Hills*, 5 Ill. App. 396 ; *In re Barnes*, 27 id. 151; *Millard* v. *Cooper*, 10 id. 50 ; *Horner* v. *Horner*, 37 id. 199 ; 1 Black on Judgments, chap. 7, sec. 135 ; *Planing Mill Co.* v. *Bank*, 97 Ill. 298 ; *Hudson* v. *Hudson*, 20 Ala. 364; *Metcalfe* v. *Metcalfe*, 9 id. 319 ; *Ex parte Gelmer*, 64 id. 234; *Herring* v. *Cherry*, 75 id. 376 ; *Kemp* v. *Lynn*, 76 id. 212 ; *Drahan* v. *Bank*, 1 Stew. 66 ; *Hyde* v. *Curling*, 10 Mo. 359 ; *Fletcher* v. *Combs*, 58 id. 434; *Atkinson* v. *Railroad Co.* 81 id. 50 ; *Beltkin* v. *Rhoads*, 76 id. 643 ; *Bank* v. *Allen*, 68 id. 476 ; *Ludlow* v. *Johnston*, 3 Ohio, 553 ; *Andrews* v. *Bank*, 10 Ala. 375 ; *Adams* v. *Requa*, 22 Fla. 250 ; *Raymond* v. *Smith*, 1 Metc. (Ky.) 65 ; *Hegeler* v. *Henckell*, 27 Cal. 491; *Schackelford* v. *Levi*, 63 Miss. 125 ; *Church* v. *English*, 81 Ill. 443.

The clerk was required to keep a docket of all causes pending in court, and furnish the judge with a copy of the

same, (chap. 63, sec. 9,) and by section 40 to keep a fee book, and by section 43 to keep a book in which to enter all judgments and decrees of court.   The clerk of the Alton City Court had to perform like duties.  (Laws of 1859, p. 72, sec. 7.)   Even in the case of a municipal corporation, where the statute provides that the corporation shall keep correct minutes of its proceedings, its corporate acts can only be shown by such records.   Oral testimony is not sufficient.  *Spangler* v. *Jacoby*, 14 Ill. 297; *People* v. *Madison County*, 125 id. 334; *McHaney* v. *County of Marion*, 77 id. 488; *Steckart* v. *East Saginaw*, 22 Mich. 104; *Stevenson* v. *Bay City*, 26 id. 44; *Mayhew* v. *District Gay Head*, 13 Allen, 129; *Morrison* v. *Lawrence*, 98 Mass. 219; *Hunneman* v. *Fire District*, 37 Vt. 40; *Louisville* v. *McKegney*, 7 Bush, 652; *Board* v. *Chitwood*, 8 Ind. 504; *Jordan* v. *School Directors*, 38 Me. 169.

In the *nunc pro tunc* order the rights of the defendants which have accrued in the interval should have been protected.  *Coughran* v. *Gutcheus*, 18 Ill. 390; *Church* v. *English*, 81 id. 442; *McCormick* v. *Weiler*, 36 id. 115.

In proceedings for adoption the statutory requirements must be strictly complied with.  *Tyler* v. *Reynolds*, 53 Iowa, 146; *Shearrer* v. *Weaver*, 56 id. 578.

Such statutes are to be strictly construed.  *Keighan* v. *Geraghty*, 101 Ill. 26.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The Appellate Court, by its judgment in this case, has reversed the order and decree of the City Court of Alton, which directed that the order of adoption alleged to have been made by said City Court at its September Term, 1869, should be entered *nunc pro tunc* upon the records of said City Court by the clerk thereof as of the 28th day of September, 1869, and has remanded the cause to said City Court with directions to that court to enter an order, denying the motion of Mary E. Tynan, who was appellee in the Appellate Court, but is appellant in this

Court, and dismissing her petition with all costs to be taxed against her. We concur in the conclusion reached by the Appellate Court.

The petition for adoption was never filed in court. No entry of the proceeding was ever made on any docket, either of the clerk or the judge. No order of adoption was made by the judge in any pending suit or proceeding. No minute, or memorandum, or memorial paper of any kind was in existence, upon which an order *nunc pro tunc* could be based. It is alleged that, on September 28, 1869, Jacob Young came into court with a petition drawn for the adoption of Mary E. Murray, and with an order drawn granting the prayer of the petition and declaring Mary E. Murray to be the child of Jacob Young and changing her name to Mary E. Young; and proof is introduced for the purpose of showing, that this petition and order were handed to the clerk of the court, and the clerk handed them to the judge, and the judge marked on the order "approved," and handed the papers to the clerk, and the clerk, without filing them or docketing the case or making any entry of any kind, handed the papers back to Jacob Young, who carried them off and never returned them to the clerk, or into court. Jacob Young left Illinois for Oregon in 1873 and died in 1875. His wife married again and died in 1886. Mary E. Murray went to Oregon with Young and his wife, and married Tynan in 1883 under the name of Mary E. Murray, and not under the name of Mary E. Young. The papers, said to have been thus carried away by Young, are not produced, but are alleged to have been lost or destroyed. On December 28, 1892, more than twenty three years after September 28, 1869, Mary E. Tynan makes a motion in the Alton City Court, that an order, adopting herself as the child of Jacob Young, be entered *nunc pro tunc* as of September 28, 1869, and such an order is entered on March 15, 1893.

It is well settled in this State, that amendments of the record will not be allowed after the close of the term

at which the record was made, unless there are some memoranda, minutes, or notes of the judge, or something appearing on the record or files, to amend by. (*Ayer* v. *City of Chicago*, 149 Ill. 262). It is said, however, that this is not a motion to modify, alter or amend a judgment entered at a previous term, but a motion to require the clerk to enter upon the record a judgment of the court which he had failed or omitted to record; and that it is always proper to enter a judgment *nunc pro tunc* when it has been ordered by the court, but the clerk has failed or neglected to copy it into the record. (*Howell* v. *Morlan*, 78 Ill. 162).

In *Howell* v. *Morlan*, *supra*, in an action of assumpsit begun in Gallatin County and taken by change of venue to White County, there was a trial before a jury in the latter county at the November Term, 1873, at which both parties appeared and introduced evidence, resulting in a verdict for plaintiff; the court overruled a motion for a new trial, but omitted to enter a formal judgment upon the verdict; at the November Term, 1874, upon motion of the plaintiff and notice to the defendant, the court ordered judgment to be entered upon the verdict *nunc pro tunc* as of the November Term, 1873; it there appeared that the court rendered judgment upon the verdict at the same term at which the verdict was returned, but it did not appear what kind of evidence was introduced to show that judgment had been then rendered; it was said, however, that the best evidence of the rendition of the judgment at the previous term would have been the minutes of the judge entered upon his docket; and the action of the Circuit Court in entering the judgment *nunc pro tunc* was sustained by this Court upon the ground that, as the bill of exceptions did not disclose the evidence, the trial court would be presumed to have acted upon the best evidence. That case is not authority for the position that oral evidence is allowable in such a case.

There are cases which hold, that an entry *nunc pro tunc* may be ordered on oral evidence, if it is sufficient and satisfactory. But the view sustained by the weight of authority is that a judgment *nunc pro tunc* should be entered on record evidence only. The fact, that a judgment has been ordered by the court, or has been rendered at a previous term, cannot be proven by oral testimony. It must be shown by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law or in the papers on file in the cause. It cannot be determined from the memory of witnesses, or by the recollection of the judge himself. To allow oral testimony to be introduced in such cases is to permit the record to be contradicted by parol proof. (1 Black on Judgts. sec. 135; 12 Am. &. Eng. Enc. of Law, page 81; *Herring* v. *Cherry*, 75 Ala. 376; *Ludlow* v. *Johnston*, 3 Ohio, 577; *Raymond* v. *Smith*, 1 Metc. (Ky.) 65; *Belkin* v. *Rhodes*, 76 Mo. 643; *Hansbrough* v. *Fudge*, 80 id. 307; *Fletcher* v. *Coombs*, 58 id. 430; *Loring* v. *Groomer*, 110 id. 632; *Hegeler* v. *Henckell*, 27 Cal. 491; *Short* v. *Kellogg*, 10 Ga. 180; *Robertson* v. *Pharr*, 56 id. 245; *Coughran* v. *Gutcheus*, 18 Ill. 390; *Dougherty* v. *People*, 118 id. 160).

In each of the cases above referred to, where it was held that an entry *nunc pro tunc* will not be made upon oral evidence as to what judgment had been rendered by the court, there was a regular suit pending in court and properly entered upon the docket. Here, however, although it is claimed that an order of adoption was made by the Alton City Court, yet it does not appear that any suit was pending in which such an order was entered, or that any papers were filed, or that there were any docket entries or minutes of any kind. It is true that, where a record has been lost or destroyed, its contents may be proved. But, before the contents of a record can be proved, it must be shown that it once existed. Here, an attempt is made to create a record; to introduce parol

testimony to prove the existence of a legal proceeding
and the rendition of a judgment therein, and then to sub-
stitute this testimony for the record itself.    This cannot
be done.    (*Ludlow* v. *Johnston*, *supra; Hegeler* v. *Henckell,
supra; Raymond* v. *Smith, supra*).   The proceedings, orders,
judgments and decrees of Courts must be matters of
record, and do not rest in parol.    As a general rule,
their acts can only be proved by the record itself.    The
statute in force in this State in September, 1869, required
the clerks of the Circuit Courts to keep "a docket of all
the causes pending in their respective courts, in which
shall be entered the names of the parties, the cause of
action, and the name of the plaintiff's attorney," and to
keep a fee book, setting down therein the costs of each
suit, and also to keep well bound books for entering
therein an alphabetical docket of all judgments and de-
crees rendered in their respective courts.    (Stat. of 1845,
chap. 83, secs. 9, 40, 43).    By the Act establishing a city
court in the city of Alton the clerk of that Court was re-
quired to perform like duties to those required of the
clerks of the Circuit Courts.    (Laws of 1859, page 72,
sec. 7).    Hence, the best evidence that there had been a
proceeding for the adoption of appellant, and that a
judgment had been rendered for her adoption, would
have been the dockets and books required to be kept by
express statutory enactment.    In the absence of proof
that the proceeding and judgment were entered in such
dockets and books, oral testimony that they existed out-
side of the record could not be received, and it was error
to allow it to be introduced.    "Where the law requires
records to be kept, they are the only lawful evidence of
the action to which they refer, and such record cannot
be contradicted or supplemented by parol.    The whole
policy of the law would be defeated if they could rest
partly in writing and partly in parol."    (*People* v. *Madison
County*, 125 Ill. 334).

It sometimes happens, where a judgment, which should have been entered, has been delayed by the act of the court, or by some other interruption not owing to the fault of the parties or either of them, and in the meantime one of the parties has died, that the judgment will be entered *nunc pro tunc* as of a day previous to the death. Judgment *nunc pro tunc* will not be allowed, however, in such cases, if the delay is caused by the *laches* of the party entitled to judgment. (*Blaisdell* v. *Harris,* 52 N. H. 191; 1 Black on Judgts. sec. 129). In the case at bar, if Jacob Young was ever entitled to have the order of adoption entered before his death in 1875, the delay in entering it was due to his own *laches.* He lived six years after the petition and order are alleged to have been presented to the judge, and four years of that time in Illinois, yet he failed to return the papers into court to have them filed and docketed and the order spread upon the records. It was his own fault that they were carried away, and it was due to his own *laches* that they were not restored. He will be presumed to have known the law, that filing and docketing and recording were necessary to give them any force or validity.

It is furthermore claimed by the appellees, that the City Court of Alton had no jurisdiction to entertain the petition for adoption, upon the alleged grounds, that, although said Court was established in 1859 by Act of February 9 of that year, (Laws of 1859, page 71), yet the Act of April 22, 1867, relating to the adoption of minors, (Laws of 1867, page 133), which was in force in September, 1869, provided "that any person desirous of adopting a child, so as to render it capable of inheriting his or her estate, may present a petition to the Circuit or county court of his or her residence, setting forth the name, age and sex of such child," etc.; that the legislature thereby intended such applications to be made to Circuit or County Courts, and not to City Courts; that, as section 1 of the Act of 1859 conferred upon the "Alton City Court"

concurrent jurisdiction, "within the city of Alton," with the Circuit Court of Madison County in all civil and criminal cases, except in cases of treason and murder, and as the Act of 1867 required the petition for adoption to be presented to the Circuit Court or County Court of the residence of the petitioner, only those persons residing within the City of Alton could present such petition to the "Alton City Court," if the latter court had any power at all to act in such a matter; and that, as Jacob Young was not a resident of the City of Alton but of the town of Greenwood outside of the limits of that city, the "Alton City Court" had no power to entertain his application. Although the question of jurisdiction, which is thus raised, is a very important and interesting one, yet we do not deem it necessary to pass any opinion upon it, as the views already herein expressed are sufficient to dispose of this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*