## Sol. Klein, Petitioner, etc., v. Isaac G. Loeber, Assignee.

1. INVENTORY—*Purpose of, Under the Insolvent Act.*—The object of the inventory required by the insolvent act is to inform the court and creditors of the property of the insolvent which has come to the knowledge of the assignee, so that the court may act intelligently in relation to it, and creditors may scrutinize it for the purpose of ascertaining whether all property of the insolvent has been inventoried, and, in the event of an order of sale, prospective purchasers may know what is to be sold, and its estimated value.

2. SALES—*Order Confirming, Final and Conclusive.*—An order of court confirming a sale under the insolvent act is (in this case) final and conclusive of the purchaser's rights, and until reversed or set aside it can not be impeached by the testimony of witnesses as to statements made during the sale.

3. COMPROMISE.—A difference between the parties is a sufficient ground for compromise.

Voluntary Assignments.—Petition for order on an assignee to deliver fixtures. Trial in the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Finding and judgment for respondents; appeal by petitioners. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 22, 1899.

Statement by the Court.—February 21, 1898, the John York Company, a corporation, made a voluntary assignment to Isaac G. Loeber, for the benefit of its creditors. February 28, 1898, the assignee filed an inventory, in the County Court, of the insolvent estate. Certain real estate —being the premises on which was situated a building in which the assignee did business—fixtures and goods and chattels, are described in the inventory; also some accounts receivable. March 1, 1893, the assignee filed a petition in

the County Court setting forth, among other things, that he had filed an inventory and bond; that the insolvent estate consisted of two pieces of real estate described in the inventory, and of merchandise, fixtures and furniture in the store of the John York Company; that said store had been conducted as a department store, and had twenty departments; that the total amount of the merchandise, as shown by said inventory, was $88,924.08; that a great part of the same was not salable in spring or summer, and that it would be to the interest of the estate to sell said merchandise in bulk, as soon as possible, before the spring had far advanced, and after reasonable notice to creditors, etc.

The prayer of the petition was for an order directing the petitioner to sell said merchandise in bulk, the fixtures and furniture connected therewith, and the equity in the real estate, which the inventory showed to be heavily incumbered.

March 7, 1898, an order was entered by the court which, after reciting the filing and reading of the petition, proceeds as follows :.

" Ordered that the said assignee be and is hereby ordered and directed to receive bids in open court at the hour of ten o'clock in the forenoon of Saturday, March 12, 1898, for the sale of the stock of merchandise aforesaid as a whole, and also for each of the twenty departments thereof separately and singly; that said assignee forthwith give notice of this order to ten of the leading creditors of said insolvent, and to such other creditors as he can reach, and that said notice state that ample opportunity will be given to all the creditors and others interested to inspect said goods. It is further ordered that said assignee also send a notice of this order to the trade and to such other persons as shall be suggested by any creditor to the assignee or his attorneys. It is further ordered that said bids also include and cover all the furniture, fixtures and personal effects belonging to or used in connection with the business lately conducted by said company. The court reserves the right to reject any and all bids."

March 12, 1898, an order was entered, by which, after reciting that bids were received in open court, and that the

bids thereinafter mentioned were the highest and best bids, it was ordered and adjudged that the assignee " sell to Solomon Klein, for the sum of fifteen hundred and seventy-five dollars ($1,575) cash, all the personal property and fixtures mentioned and set forth in the inventory herein, and heretofore used in connection with the business of said insolvent, and to which the assignee now has title, but not including the books of account, accounts or bills receivable," etc.

March 25, 1898, appellant filed, in the County Court, a petition in substance as follows :

" That petitioner had, prior to the sale in the County Court, on the invitation of the assignee, examined the fixtures and furniture used in the store of the insolvent company; that the notice of said sale stated that all of the furniture and fixtures used in connection with the said business would be sold; that when petitioner attended in court at said sale, it was announced by the representative of the assignee that all fixtures used by the insolvent would be offered for sale subject to any rights of the mortgagees, and that it was announced during the sale by the court that the title of the assignee in all of the fixtures used by the insolvent corporation was offered for sale; that no title was guaranteed as against the mortgagees; that the petitioner bid for said fixtures the sum of $1,575, which amount, on the same day, was paid to the assignee; that the order entered in court directed the assignee to sell to petitioner the personal property and fixtures mentioned and set forth in the inventory and theretofore used in connection with the business of said insolvent, and that the intended purchase and sale was, in fact, a purchase and sale of all the fixtures used by the insolvent corporation. That since the consummation of said sale, the assignee has claimed that the fixtures sold to the petitioner included only such fixtures as were specifically enumerated in a list since given to petitioner, and that the said assignee has refused to allow petitioner to remove certain fixtures properly covered by the sale, and prays that the assignee may be directed to deliver and surrender to petitioner all the fixtures used by the insolvent upon the premises in question, and that the assignee may be directed to execute a supplemental bill of sale conveying the interest of the insolvent in the same terms as used by the assignee and the court at the time of the sale."

March 28, 1898, appellee answered the petition, neither admitting nor denying the averment as to representations made at time of sale, admitting the receipt from appellant of $1,575, and that he, the appellee, objected to the removal by appellant of any articles not covered by the order of sale.

April 4, 1898, appellant filed a supplemental petition, averring that at the time of filing the original petition appellant informed him that he, appellee, was not entitled to any articles not enumerated in the inventory; that since said time appellant had caused an accurate list to be made of the fixtures on the premises not specified in the inventory, and had demanded of the assignee leave to remove the same, but the assignee refused; that each of the articles enumerated in said list is a trade fixture, formerly used by the insolvent on the premises in connection with the carrying on of its business of a general merchandise store, and that each of the said fixtures can be removed without injury to the real estate, and is not so annexed to the freehold as to become part thereof; that the alleged inventory filed on February 28, 1898, was not a full and perfect inventory, and that many of the articles mentioned in the exhibit attached to said supplemental petition are not mentioned in said inventory, although coming within the description of the property purporting to be set forth in said inventory, and that many of the articles mentioned in said inventory; were not upon the premises of the said insolvent company, so far as diligent search on the part of petitioner has disclosed; that many of the articles mentioned under " fixtures " in said inventory have not been shown to petitioner by the assignee, nor has he been able to discover the same, nor has the assignee disclosed the same to petitioner, or delivered them to him.    Prays that the assignee may be directed to allow petitioner to remove the articles described in the list annexed to the supplemental petition, subject to any rights that mortgagees may have in said premises.

List attached to petition includes a long list of shelving, tables, etc.

The Northwestern Mutual Life Insurance Co. filed an answer, setting up a mortgage for $70,000 of certain real estate described in the inventory, denying appellant's right to the relief prayed, and praying a determination by the court as to what part of the fixtures were covered by its mortgage.

July 25, 1898, the court heard the cause on the pleadings and evidence produced in open court, and found that appellant was not entitled to any fixtures not specifically enumerated in the inventory theretofore filed by the assignee, and denied the petition.

William Wilhartz, called by appellant, testified that he bid for appellant; that the court and Kerr, appellee's attorney, both stated at the time the bids were being made that all the fixtures used by the John York Company were to be sold subject only to the rights the mortgagees might have in the premises, and that in making said announcement the court made no reference to the inventory of the fixtures. The witness testified that the sale of the merchandise preceded the sale of the fixtures, and on cross-examination he testified:

"The inventory was brought up before the sale, and Judge Carter had it and referred to it in making the sale of the merchandise, but I didn't hear anything about it when the fixtures were being set off."

Appellant testified: "It was said that the fixtures of the John York Company would now be sold; that means all the fixtures used in connection with that business—worded to that effect." He further testified that his partner asked the court whether the fixtures included "all the wagons and the horses," and the court said, "Yes, sir; it was all the horses and wagons and all the fixtures connected with the John York Company, used in that business."

Alfred E. Barr, attorney for appellee, testified that in the afternoon after the sale he, Leon and Solomon Klein, a Mr. Prindiville, Loeber, the assignee, and some others, were at the York Company's store; that the merchandise which was purchased by Leon Klein was first delivered;

Klein v. Loeber.

that then appellant claimed everything else in the place, to which witness demurred, when Wilhartz, who bid for appellant, said: "There is no use in having any dispute about this matter. I have got the inventory here, and if we get the things named in this inventory that is all we want." "I said, 'Very well, that is satisfactory;'" that thereafter there was no dispute, except as to two show cases which, in checking off articles from the inventory, were temporarily passed; that when everything else in the inventory had been checked off, witness asked appellee what he wanted to do about the two show cases, saying they were the only matters in dispute, when appellee said he would waive any question as to them; that witness told this to appellee and Wilhartz, saying: "Now, having done this, is everything satisfactory?" and they said, "Now we are satisfied." Klein said: "I don't give a d——n for the rest of the things anyway." This witness identified, and there was put in evidence, a paper which he said he had referred to in his evidence as the inventory. The paper contains a long list of articles, and indorsed on it is this receipt:

"Chicago, March 12, 1898.
Received from Sol. Klein fifteen hundred and seventy-five dollars ($1,575) in payment of the within described property, as per order of court this day entered in the County Court of Cook County, Illinois, in the matter of the estate of John York Company, insolvent.
Isaac G. Loeber,
Assignee."

Barr's testimony is corroborated by that of appellee and also by that of Prindiville. Prindiville says: "Mr. Loeber, before accepting the money, wanted to know if they were perfectly satisfied with the list, and they said, yes." The original inventory was also put in evidence.

Wilhartz, in rebuttal, testified that his recollection of the understanding was, that when they got through checking Barr said to him, "Well, if we let you have these two cases will you waive any rights with reference to the shelves and those bins up in the grocery department?" and that he, witness, conferred with Klein, and they told Barr that if he

would let them have the cases they didn't care anything about the shelves. This witness drafted the receipt above mentioned. He testified that there were some tables and other stuff not in the list, and that he said: "Now, see here, we agreed to this; what about these tables? What about this other stuff that is not attached to the building, and which, certainly, the mortgagee can not claim?" and that Barr said, "Oh, that's all right, you sign that and there won't be any trouble about these tables, or anything of that sort." "I didn't say at any time that we would be satisfied to take the articles in the list. The conversation about the tables was private between Barr and myself."

Barr, recalled, testified that he had no recollection of any conversation with Wilhartz about tables.

STEIN & PLATT, attorneys for appellant.

KERR & BARR, attorneys for appellee.

HOYNE, FOLLANSBEE &. O'CONNOR, attorneys for The Northwestern Mutual Life Ins. Co., appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The propositions of appellant's counsel on which they rely for a reversal of the judgment of the County Court are: First, that the sale was of all the fixtures and furniture used prior to the sale in connection with the stores and business of the insolvent, and that the sale was not limited to articles mentioned in the inventory. Second, that if, as testified by appellee's witnesses, appellant agreed that if he was allowed to take the two show cases he would be satisfied, such agreement was without consideration, as the show cases were mentioned in the inventory.

Appellee, in the commencement of his petition for leave to sell, refers to the inventory, and concludes his petition by praying for an order authorizing him to sell said merchandise, the fixtures and furniture connected therewith, and the equity in the real estate and accounts receivable which are set forth in said inventory. The object of the inventory required by the statute is to inform the court and

creditors of the property of the insolvent which has come to the knowledge of the assignee, so that the court may act intelligently in relation to such property, that creditors may scrutinize the inventory for the purpose of ascertaining whether all property of the insolvent has been inventoried, and that, in the event of an order of sale, prospective purchasers may know what is to be sold, and its estimated value. The court can not intelligently order a sale of the property of an insolvent in ignorance of what the property is. In the present case the court could only obtain knowledge of the property from the inventory to which appellant's petition referred, and it must be presumed that the order of March 7, 1898, authorizing the assignee to give notice that bids would be received for "the furniture, fixtures and personal effects belonging to or used in connection with the business lately conducted by said company," refers to the furniture, fixtures and personal effects mentioned in the inventory. That this was the view of the County Court is evidenced by the order of March 12, 1898, confirming the sale to appellant, which order is, "That he sell to Solomon Klein, for the sum of fifteen hundred and seventy-five dollars ($1,575) cash, all the personal property and fixtures mentioned and set forth in the inventory herein, and heretofore used in connection with the business of said insolvent," etc. The language following the words "in the inventory herein" is used conjunctively with those words, and does not extend the meaning beyond that expressed by them, because the personal property and fixtures mentioned in the inventory were formerly used in connection with the business of the insolvent. That the understanding of the court was that only the articles mentioned in the inventory were offered for sale, is further evidenced by the testimony of appellant's witness, Wilhartz, who testified that the inventory was brought up before the sale was commenced, and that Judge Carter, the presiding judge, referred to it. The inventory was filed February 28th, the sale took place March 12th; the inventory was then in court; all persons interested had ample opportunity to examine it, and if they did not, it was their own fault.

The testimony of Wilhartz, who acted as appellant's agent in bidding for him, shows that he saw the inventory before bidding for the stock of merchandise on behalf of Leon Klein, which was prior to his bidding on behalf of appellant.

The proceeding in reference to the assignment was a chancery proceeding (Union Trust Co. v. Trumbull, 137 Ill. 146, 159), the court had expressly reserved the power to reject any and all bids, and we are of opinion that the order of March 12th, confirming the sale to appellant, is final and conclusive of appellant's rights in the premises till reversed or set aside, and that it can not be impeached by the testimony of witnesses as to statements made during the sale. A court speaks only by its record. Tynan v. Weinhard, 153 Ill. 598.

If the petition is to be regarded as, in substance, a petition to modify the order of confirmation of the sale, and if, in view of our holding that the sale was made with reference to the inventory, it could be modified, we are of opinion that the court was fully justified by the evidence in denying the petition.

The second proposition is, that appellant's agreement to take the show cases by way of compromise was without consideration, because they were mentioned in the original inventory. There was a dispute between the parties which, as appears from the evidence, both parties thought sufficiently serious to be submitted to the court in the event they could not agree, and this difference was sufficient ground for a compromise, if compromise were necessary. But no compromise was necessary on the part of appellee, because the sale to appellant was of the personal property and fixtures inventoried, and it is not claimed that he did not receive all the personal property and fixtures inventoried.

The judgment will be affirmed.