# The People of the State of Illinois, Defendant in Error, v. Abe Weinstein, Plaintiff in Error.

## Gen. No. 15,838.

MUNICIPAL COURT—*how record may be amended.* The record of the Municipal Court may be amended after such court has lost jurisdiction of the judgment if a contemporaneous memorandum of the judge exists which establishes the misprision and supplies the information to correct it.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 17, 1911. Rehearing denied October 17, 1911.

ROBERT E. CANTWELL, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

In this case information was filed August 3, 1909, charging the defendant with the crime of pandering, under the provisions of ''An Act in relation to pandering,'' which became in force July 1, 1909.

There was a trial before the court and a jury. The defendant was found guilty and judgment was entered on the verdict, the defendant being sentenced to ten months' imprisonment in the House of Correction and to pay a fine of $500 and costs.

The grounds urged for the reversal of the judgment are that the information is fatally defective and that there was no testimony to sustain the verdict. The record filed in the cause by the plaintiff in error showed that the information was sworn to on July 3, 1909, while the crime was charged to have been committed on July 18, 1909, and it is upon this discrepancy in the dates that the principal argument is made upon the proposition advanced by the plaintiff in error that the information is defective. An additional transcript of the proceedings, however, has been filed by the state's attorney, from which it appears that the original record in the Municipal Court was erroneous—that the date of filing the information was August 3rd and not July 3rd, and also that the record in that court has been by order of the court amended and corrected to conform with the facts; that minutes were kept by the judge and that the order amending the record was made so that the record should speak the truth as shown by these minutes. This order is stated to have been entered upon an inspection of the minutes kept by the presiding judge as to proceedings before him on the third day of August, 1909, and on the third day of July, 1909, and the daily report of the clerk of the Municipal Court for July 3, 1909, included in the transcript of the proceedings so filed by the state's attorney.

We think that the correction of the record in the court below, and the action of the court therein, was in consonance with the rules laid down in Tynan v. Weinhard, 153 Ill. 598, and in Hubbard v. People, 197 Ill. 15.

We next have to consider the point raised by the plaintiff in error that the verdict is against the evidence.    We have carefully read the testimony as it appears in the record, and are of the opinion that the conviction is fully sustained.    We do not feel that it is incumbent upon us to set out the testimony in this opinion.    It is sufficient to say that no testimony was offered on behalf of the defendant, and that his guilt, was fully established by the testimony of six witnesses called by the state.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*