DAVIS WHITE MARKETS, INCORPORATED,

*v.*

GEORGE LEFAS et al., partners, &c.

[Decided October 20th, 1924.]

A judicial order made *nunc pro tunc* for the purpose of giving effect ·to its mandate as of a time anterior to that when it was in reality made is, *ultra vires,* null and void.

On appeal from an order advised by Vice-Chancellor Church.

*Mr. Edward R. McGlynn,* for the appellant.

*Mr. Harry S. Neiwirth,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by the complainant against the defendants Lefas & Lagios, partners, for the winding up of the partnership business through the appointment of a receiver, the basis of the application for relief being that the partnership was insolvent. The bill was filed in November, 1923, and upon the hearing of the application one Wil·son was appointed temporary receiver, and an order was also made requiring the partners to show cause on the 27th of that month why a permanent receiver should not be appointed to wind up the affairs of the partnership. Pending the return of this order to show cause an application was made and granted joining Moskojanis and Machel as parties defendant, for the reason that they claimed to be the holders in good faith of a chattel mortgage covering the fixtures, tools and implements belonging to Lefas & Lagios and used by the latter in the conduct of their partnership business. Subsequently, an order was made referring it to a special master of the court of chancery to take testimony for the purpose of determining whether Moskojanis and Machel were *bona fide* holders for value of the chattle mortgage

which, it was alleged, they owned; and the special master on the 17th of December, 1923, filed his report, expressing his conclusion that these two alleged chattel mortgagees had the status which they claimed. Exception was filed by the complainant to this portion of the report of the special master; and, apparently, so far as it can be ascertained from the state of the case sent up with the appeal, the exception came on to be heard on the 18th of December. Pending a determination by the court upon the exception, and on the 23d of January, 1924, the receiver having sold the partnership property and assets of Lefas & Lagios for the sum of $1,105, and having reported that sale to the court, it was ordered that the receiver be allowed for his services the sum of $450 out of this purchase-money, and that his solicitor, Mr. Niewirth, be allowed a counsel fee of $480, besides taxed costs of the proceeding. A few days after the making of these allowances, and on January 30th, the defendants Noskojanis and Machel filed their appeal from the order making these allowances upon the ground that they were grossly excessive, and the case is now before us upon that appeal.

From the above recital it appears that the award of the receiver's and counsel's fee was made, and that the appeal now before us was taken while the question was pending before the court of chancery as to whether or not the chattel mortgage held by the present appellants was a valid lien upon the property described therein, or was fraudulent as against the creditors of the mortgagors and null and void. Some five weeks after the taking out of the appeal, however, and on the 3d of March, 1924, the vice-chancellor reached a conclusion upon the question then before him for adjudication, viz., the validity of the chattel mortgage, and a decree was then entered declaring it to be null and void. Apparently, for the purpose of nullifying the present appeal, this decree was antedated some two months, and, as it reads, precedes the filing of the notice of appeal. We say this was the apparent purpose, for the reason that, if the making of the decree had preceded the taking out of the appeal, it would have rendered any appeal from the order fixing the allowances to the receiver and his counsel, by Moskojanis and

Machel, nugatory, because of the fact that, if their chattel mortgage was null and void, they were not "parties aggrieved" by the making of such order. *Coryell* v. *Holcombe, 9 N. J. Eq. 650; Green* v. *Blackwell, 32 N. J. Eq. 768.*

The underlying question which the case presents, therefore, is whether it was within the power of the court of chancery to make a *nunc pro tunc* order, the effect of which, if it was valid, was to destroy the then existing status of the present appellants. We think it was not. The office of an order *nunc pro tunc* is only to supply some omission in the record of an order which was really made, but omitted from the record. If an order is actually made by the court, but there is a failure to enter it, the court may correct the mistake so as to make the record show the order which the court actually made as of the time when it was, in fact, made; but no court has power to make an order *nunc pro tunc,* the purpose of which is to give effect to its mandate as of a time anterior to that when it was in reality made. *Wilson* v. *Vance, 55 Ind. 394; Hegeler* v. *Henckell, 27 Cal. 491; Priest* v. *McMaster, 52 Mo. 60; 29 Cyc. 1516* § *B,* and cases cited.

After a consideration of the whole matter, we reach the conclusion that, as the question of the validity of the mortgage of Moskojanis and Machel had been submitted to the court of chancery for its consideration and determination prior to the taking out of the first appeal, and, as a determination of that question, will either establish or destroy the status of the appellants as parties aggrieved, we should withhold consideration of the present appeal until the court of chancery has adjudicated this fundamental question, and, in case such adjudication is adverse to the rights of the appellants, until they have also brought before us for review such adjudication.

*For reversal*—None.