LEWIS *et al. vs.* ARMSTRONG, administrator.

1. Where an issue of fact as to the passage of an order is involved in a motion to enter it *nunc pro tunc*, the court should decide such issue without the intervention of a jury.
2. An indorser was seeking to be discharged on the ground that the plaintiff (the holder of the notes) had dismissed his suit on appeal, after security had been given, thereby increasing the risk of the indorser, etc. The records showed no order of dismissal; he therefore moved to enter an order *nunc pro tunc*, showing dismissal "upon motion of plaintiffs' counsel." On the hearing he moved to strike out the words "of plaintiffs'." Held, that there was no error in refusing to allow the amendment, because with such words stricken out the order *nunc pro tunc* would be pointless.
3. The evidence being conflicting as to the original passage of the order, this court will not control the discretion of the court below in refusing to allow its entry *nunc pro tunc*.

Practice in the Superior Court. Principal and security. Amendment. New trial. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1878.

Reported in the decision and head-notes.

S. HALL; HAWKINS & HAWKINS, for plaintiffs in error.

N. A. SMITH; JOS. ARMSTRONG; D. A. VASON, for defendant.

WARNER, Chief Justice.

This was a motion in the court below to enter upon the records of the Sumter superior court a *nunc pro tunc* order of the court dismissing the case of James W. Armstrong against David Bailey, Columbus W. Hand, makers, John B. Lewis, indorser, and J. W. C. Horne, security on appeal. Lewis had filed a bill against Armstrong claiming his discharge from liability to pay the aforesaid debt sued on as security, upon the ground that Armstrong, by his counsel in 1869, had voluntarily dismissed his suit pending on the appeal, which dismissal increased his risk and discharged him. When that bill was before this court at the August term, 1878, (there being no evidence on the records of the court that the case had been dismissed) it was held that the primary evidence of the dismissal of the case was an entry on the proper docket or on the minutes of the court, and that such entry, if omitted at the right time, might be made *nunc pro tunc* under an order granted by the court for that purpose, and it was in pursuance of that ruling of this court that the motion to enter the order of dismissal on the records of the court below was made.

Upon the hearing of that motion to enter the order of dismissal *nunc pro tunc* upon the records, the court, after considering the evidence offered by the respective parties, refused to grant it, and also refused to submit the question to a jury, or to allow the order to be amended by striking out the words " of plaintiffs," whereupon the movant excepted.

1. 2. Three questions were decided in that case when it was here before. First, that the evidence of an order dismissing the case must appear on the records of the court, either by a *nunc pro tunc* order, or otherwise. Second, that the dockets, minutes and records of a court of record must be kept so as to represent the true state of its business, and from them the court, without the aid of a

jury, must be able to ascertain what cases are pending, and what are not pending therein. Third, that in order to discharge the surety, it must be made to appear by competent evidence that the suit was not only dismissed, but that the dismissal was by the creditor, or by the court at the creditor's instance. See *Armstrong vs. Lewis,* 61 *Ga.,* 680. It follows, therefore, that under the rulings of this court in that same case, it was not error in the court below to refuse to submit the question of the dismissal of the case to a jury, nor in refusing the amendment proposed to the order by striking out the words "of plaintiff." If the case was not dismissed by the plaintiff, who was the creditor, or by the court at his instance, it would not discharge the surety, and that was the object sought to be obtained by the entry of the order of dismissal.

3. There was a good deal of evidence on both sides as to whether the case was dismissed by the court in 1869 or not, which evidence is conflicting, and it is somewhat difficult to say from that evidence what is the exact truth in regard to it. The question is not whether if we had been presiding in the court below, and had charge of its records, we should have decided differently, but the question for us to decide as a reviewing court, is whether the judgment of the court below, having charge of its own records, is without evidence, or is so far unsupported by the evidence as to make that judgment illegal, and thus authorize this court to interfere with it, and set it aside on the ground that it is contrary to law. The court below heard the evidence as to the dismissal of the case in its own court in view of its own records, and in view of the lapse of time since 1869, and decided that the case had not been dismissed, and this court cannot say, under its repeated rulings heretofore made, that the judgment of the court below was illegal on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.