6462. DARSEY *v.* THE STATE.

BROYLES, J. 1. Where a defendant on trial for murder enters a special plea in bar, of former jeopardy and autrefois convict, in which he alleges that at a previous term of the court he was tried under the same indictment and regularly convicted by the jury of the offense of involuntary manslaughter, and that the court refused to accept this verdict, and afterwards, over his objection, illegally declared a mistrial in the case, which was a nullity, that the verdict of involuntary manslaughter still stands and is a legal verdict, and should stand against him because he was convicted of that offense and the verdict was read in open court, and the court had no right, over the objection of the defendant's counsel, to withdraw the case from the jury and declare a mistrial, that he did not make a motion to set aside the verdict, but the presiding judge, without any reason, declared a mistrial over his protest, he will not be heard to complain that the court sustained his plea and held that the verdict "still stands and is a legal verdict of the jury." The defendant having in his plea insisted that the verdict of involuntary manslaughter was a legal verdict and should stand against him, and the court having agreed with him and sustained that part of his plea, he will not be heard to complain of this action of the court, although, under the decision of the Supreme Court in the same case (*Darsey* v. *State*, 136 *Ga.* 501, 71 S. E. 661), the trial judge could have overruled the entire plea of former jeopardy and forced him to undergo another trial for murder under the same indictment.

2. That portion of the plea of former jeopardy which set up that a previous verdict of involuntary manslaughter was a good and legal verdict and that it still stands against the defendant, having been sustained by the court, it was not error for the court to order that the former verdict be established by the solicitor-general, and to sentence the defendant under this verdict.

3. The accused will not be heard to complain of the long delay in this case (three or four years) from the rendition of the first verdict to the sentence of the court, where the principal cause of the delay was the appealing of this case by the defendant to the Supreme Court of this State, and to the Supreme Court of the United States.

4. The court did not err in overruling the motion in arrest of judgment. A motion in arrest of judgment must be predicated upon some defect appearing on the face of the record or pleadings. *Williams* v. *State*, 4 *Ga. App.* 853 (62 S. E. 525).          *Judgment affirmed.*

DECIDED OCTOBER 15, 1915. REHEARING DENIED NOVEMBER 5, 1915.

Indictment for murder—conviction of manslaughter; from Laurens superior court—Judge Kent. February 24, 1915.

*John R. Cooper, Howard & Hightower,* for plaintiff in error.
*E. L. Stephens, solicitor-general,* contra.