## 9808. SCOGGINS v. THE STATE.

1. A new trial was not required by the instruction of the court to the jury to the effect that where a witness has been "successfully" impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case, it is the duty of the jury "to disregard his testimony altogether;" the judge immediately adding: "but whether a witness has been so successfully impeached or not, and what credit you will give to the testimony of each and every witness, is a matter entirely for you as jurors to determine."

2-3. The evidence was sufficient to authorize the conviction of voluntary manslaughter, and the court did not err in overruling the motion for a new trial.

DECIDED FEBRUARY 1, 1919.

Conviction of manslaughter; from Floyd superior court—Judge Wright. May 10, 1918.

*M. B. Eubanks, W. H. Ennis,* for plaintiff in error.

*C. H. Porter,* solicitor-general, *W. B. Mebane, E. S. Taylor,* contra.

BROYLES, P. J. 1. The following excerpt from the charge of the court is complained of: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case; and where a witness has been so successfully impeached, it is your duty to disregard his testimony altogether." Standing alone this excerpt is error, as the jury have the right to determine for themselves the credibility of a witness, even if they find he has been "successfully" impeached. Civil Code (1910), § 5884. When, however, this excerpt is considered with its immediate context, it does not require a new trial of the case. Immediately following the excerpt complained of the judge added: "but whether a witness has been so successfully impeached or not, *and what credit you will give to the testimony of each and every witness, is a matter entirely for you as jurors to determine.*" (Italics ours.) In our opinion the excerpt complained of and the instructions just quoted which immediately followed it, when considered together, clearly instructed the jury that, after all, even if they believed that any witness had been successfully impeached by proof of contradictory statements previously made by him as to a material matter, it was for them to determine what credit should be given his testimony. The charge was therefore not contrary to the code-section cited above. See cases cited in Park's Ann. Code, under § 5884.

2. The remaining special ground of the motion for a new trial is without merit.

3. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth, J., concurs.*

STEPHENS, J., dissenting. Where the judge makes an erroneous charge it is presumably prejudicial, unless its harmful effect is removed and corrected in his language elsewhere, or unless it appears that such language was harmless and did not affect the verdict. The judge charged the jury that should they believe a witness has been "successfully impeached" by contradictory statements previously made, they should "disregard his testimony altogether." This is conceded to have been error. To my mind its harmful effect was not cured by the language immediately following it or appearing elsewhere in the charge. To tell the jury, "What credit you will give to the testimony of each and every witness is a matter entirely for you as jurors to determine," does not negative the idea that in passing upon the credit of a particular witness the jury is bound to reject his entire testimony when they disbelieve it in part. The testimony of the witness sought to be impeached was material to the defense, and if believed in part might have resulted in a different verdict. The charge being erroneous and not cured, and upon the controlling issue in the case, I am of the opinion that a new trial should be granted.