*F. K. McCutchen, R. H. House,* contra.

---

10517, 10518.    SCOGGINS *v.* THE STATE (two cases).

Delay in imposing sentence afforded no ground for exception to one convicted in January, 1918, and sentenced in April, 1919, where a final disposition of the case was delayed by his motion for a new trial and his bill of exceptions to the Court of Appeals, which in February, 1919, affirmed the judgment overruling the motion.

DECIDED JULY 17, 1919.

Conviction of manslaughter; from Floyd superior court—Judge Wright. April 14, 1919.

*M. B. Eubanks, W. H. Ennis,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.

BLOODWORTH, J. At the January term, 1918, of the superior court of Floyd county, M. E. Scoggins was convicted of voluntary manslaughter. A motion for new trial was overruled, and on February 1, 1919, the judgment was affirmed by this court. See *Scoggins* v. *State,* 23 *Ga. App.* 366 (98 S. E. 240). No sentence was pronounced against the defendant during the term at which he was convicted. On April 14, 1919, during a regular term of the court, the judge had the defendant brought before him, and when the defendant was asked if he had anything to say why sentence should not be passed upon him, he filed objections, the substance of which is that, the term of the court at which a verdict was rendered having expired, the court had "no right, power, or jurisdiction to pronounce or enter any sentence or judgment against this defendant." The court overruled the objections and sentenced the defendant to a term of years in the penitentiary; "to which ruling, refusing to consider said objections, and to which sentence the defendant then and there excepted." In a separate bill of exceptions the defendant assigned error on the overruling of a motion in arrest of judgment, based on the same ground.

A case involving the same question as is here raised is that of *Darsey* v. *State.* In that case the accused was convicted of voluntary manslaughter in January, 1911, but no sentence was then imposed.

The case was carried to the Supreme Court of this State (see 136 *Ga.* 501, 71 S. E. 666, where many of the facts are set out), and then to the Supreme Court of the United States (231 U. S. 741, 34 Sup. Ct. 318, 58 L. ed. 462). The rulings of both of these courts were adverse to the defendant. Finally, in February, 1015, sentence was for the first time imposed, and the same point was then and there urged against the judge imposing sentence as is insisted upon in the instant case. The case then came to this court, and this court held that "that portion of the plea of former jeopardy which set up that a previous verdict of involuntary manslaughter was a good and legal verdict and that it still stands against the defendant, having been sustained by the court, it was not error for the court to order that the former verdict be established by the solicitor-general, and to sentence the defendant under this verdict;" and that "the accused will not be heard to complain of the long delay in this case (three or four years) from the rendition of the first verdict to the sentence of the court, where the principal cause of the delay was the appealing of this case by the defendant to the Supreme Court of this State, and to the Supreme Court of the United States." *Darsey* v. *State,* 17 *Ga. App.* 280 (2, 3) (86 S. E. 781). Here is a definite and distinct ruling that it was not error for the court to sentence the defendant under the verdict, although more than four years had elapsed between the date of the verdict and the time of imposing sentence. (The record in the *Darsey* case shows further that one judge presided at the time of the verdict and a different judge imposed the sentence.)

Under the foregoing rulings there is no merit in the exceptions now under consideration; and on each bill of exceptions the judgment must be

    *Affirmed. Broyles, P. J., and Stephens, J., concur.*