*M. E. O'Neal, J. C. Haile,* contra.

---

### 11451. HIGHT ACCESSORY PLACE v. LAM.

LUKE, J. 1. In all cases of bailment, after proof of loss, the burden of proof is on the bailee to show proper diligence. Civil Code (1910), § 3469. Therefore, where property is delivered to a bailee who holds it for hire, and in a suit by the bailor it is pleaded that because of the negligence of the bailee the property so delivered has been destroyed by fire, upon proof of the allegations laid in the petition the onus is placed upon the bailee of showing that he exercised due care and diligence in protecting and keeping the property. *McDonald* v. *Hardee,* 22 *Ga. App.* 96 (95 S. E. 320), and case cited; *Morris Storage & Transfer Co.* v. *Wilkes,* 1 *Ga. App.* 751 (58 S. E. 232); *Park* v. *Swann,* 20 *Ga. App.* 39 (92 S. E. 398). The charge of the court as complained of in the first ground of the amendment to the motion for a new trial, when the charge as a whole upon the subject is read, was not error.

2. There is no error requiring a new trial because of the charge of the court upon the subject of impeachment. See *Scoggins* v. *State,* 23 *Ga. App.* 366 (98 S. E. 240).

3. All the assignments of error upon the rulings on the question of admit-

ting or refusing to admit evidence have been examined, and no error is found.

4. The question as to negligence as alleged in this case by the plaintiff and the issue of diligence as pleaded by the defendant were fully and fairly submitted to the jury, who determined the issues in favor of the plaintiff. There was evidence to authorize the verdict, which has the approval of the trial judge. For no reason assigned was it error to overrule the motion for new trial.

> ·     *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

> DECIDED JANUARY 25, 1921.

Action for damages; from city court of Floyd county — Judge Wright presiding.   March 2, 1920.

Application for certiorari was denied by the Supreme Court.

An automobile of O. C. Lam was destroyed by fire while stored and awaiting repairs in the garage of Hight Accessory Place, a corporation engaged in the business of repairing automobiles and employed by the owner to repair this automobile. He sued the corporation for damages in a sum alleged to be the value of the automobile, alleging that the defendant was negligent in that the fire caught from a vulcanizer operated by electricity and situated too close to an elevator shaft which carried and drew the fire from the first floor to the second floor, on which the automobile was situated, and in that employees of the defendant went off, leaving in the vulcanizer, when the current was on it, an automobile tube which they had placed there to be repaired and which was highly inflammable, and which, while they were away, caught on fire and communicated the fire to inflammable material in the garage, causing the destruction of the plaintiff's automobile. The verdict was for the plaintiff, the defendant's motion for a new trial was overruled, and the movant excepted.

1. As to the burden of proof the court gave to the jury the following instructions, which are complained of in the first special ground of the motion for a new trial: " The burden, primarily, is upon the plaintiff to establish everything he charges, by a preponderance of the testimony, but in this case, if the plaintiff shows that he had an automobile there, of a certain value, and that this automobile, while in charge of the defendant, was injured, and that he suffered injury thereby, then that would cast the burden upon the defendants of showing that the automobile was injured not by their negligence, and that they used the ordinary care and diligence such as the law required of them to protect this property from

injury." It is contended that this placed upon the defendant a greater burden than the law placed upon it, especially in view of the pleadings and the evidence; that it placed upon the defendant the burden of proving an indefinite negative, i. e. that it was not negligent in any way whatever.

2. As to impeachment of witnesses the court charged: "A witness may be impeached by proof of contradictory statements previously made. When a witness has been so successfully impeached, if any one has in this case, you would be authorized to disregard his testimony altogether; but whether one has been so successfully impeached, or, if impeached, whether he has been corroborated or not, or what credit you would give to the testimony of that witness, is all a matter for the jury to determine, under the instructions from the court." In the motion for a new trial it is contended that this was an incorrect statement as to the law; that under the law the jury would not be authorized to disregard the testimony of a witness whom it was sought to impeach by contradictory statements, unless they should find that he wilfully and knowingly swore falsely, nor unless the contradictory statement was material or relevant to his testimony and the case; that the court omitted to charge that the witness might be corroborated by circumstances or other unimpeached evidence, or what the effect of such corroboration would be; that the instruction, "you would be authorized to disregard his testimony altogether," took from the jury a question of fact that under the law was to be determined by them, and was confusing and calculated to lead them to believe that it was their duty to disregard altogether the testimony of any witness who made statements contradictory to his testimony on the stand; and that the charge was especially harmful because the only witness so attacked was Golden Stephens, one of the main witnesses for the defendant.

3. Rulings as to testimony, indicated below, were complained of in various grounds of the motion for a new trial.

(a) Over the objection that it was a mere conclusion of the witness, the plaintiff was allowed to testify, "It was a complete car; it was all right in every way."

(b) On objection that the ordinance was the best evidence, the court refused to allow the plaintiff, on cross-examination, to answer the question, "Don't you know the garage men are prohibited by

city ordinance, and were at that time, from doing any work on a car out in the street." The purpose of the question was to show that when the plaintiff took his automobile to the garage he knew that it would have to be taken inside in order to make the repairs, and would therefore be subject to an ordinary risk of fire. It does not appear what the witness would have answered.

(*c*) The question, "How is it [the vulcanizer in question] generally regarded in the automobile business?" was propounded by the defendant's counsel to Gordon Hight, a witness for the defendant, who in answer to other questions had just testified that he had been studying "electricity and things of that kind" about fifteen years, and he did not know of any kind of vulcanizer superior to this, as far as safety from fire is concerned or otherwise, and that it "is the best made." The court, on objection, refused to allow the question, the court saying that the preceding answer "answers everything about that."

(*d*) For the purpose of showing a custom to leave the vulcanizer unattended during the process of vulcanizing, Golden Stephens, a witness for the defendant, was asked by counsel for the defendant, "Is it customary to leave those things when you have them in shape?" The court, on objection, directed the witness to "leave out the custom."

(*e*) The question, "Is it not true that in a large number of instances it is impossible to find the cause or the origin of those fires?" was propounded by counsel for the defendant to an insurance agent who was a witness for the defendant, and the court refused to allow the witness to answer the question.

(*f*) Over the objection of the defendant that the question was incompetent and sought a conclusion of the witness, the court allowed a witness to answer, upon cross-examination, the following question: "Placing the vulcanizing department of the garage right against the elevator shaft is placing it at the most dangerous point for communication of fire?" The answer does not appear in the ground of the motion for a new trial in which it is alleged the court erred in allowing the answer.

*C. N. Featherston, Maddox & Doyal,* for plaintiff in error.

*M. B. Eubanks, W. B. Mebane, C. H. Porter,* contra.