### 14394.  RITTENBERRY v. THE STATE.

Upon the trial of a criminal case, and especially of a misdemeanor, where the case goes to the jury late in the afternoon and the court is adjourned until the following morning, and the judge and counsel in the case have gone to their respective homes, and the defendant has been taken back to jail, and about eleven o'clock at night the judge, at his hotel, is informed that the jury have not reached a verdict, and that the wife of one of the jurors is *seriously* ill, it is within the discretion of the judge, in such an emergency, immediately, without notifying the defendant or his counsel, and on his own

motion, to allow the jury to disperse for the night, so that the juror can hasten to his afflicted wife and give her his personal care and attention.

(*a*) Nor is it error for the judge, upon the following morning, in open court, the defendant and his counsel being present, to declare a mis-trial of the case; nor is it error upon a subsequent trial of the case to strike the defendant's plea of former jeopardy, based upon the dispersal of the jury for the night in the involuntary absence of the defendant and without his knowledge or consent.

DECIDED MAY 17, 1923.

Indictment for possessing liquor; from Bibb superior court — Judge Mathews. February 21, 1923.

*Thomas A. Jacobs Jr., Harris, Harris & Witman,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J.   The defendant was being tried for a mis-demeanor. The case was submitted to the jury about 5:30 o'clock in the afternoon, and about an hour afterwards counsel in the case agreed that should the jury make a verdict that night, a sealed verdict could be returned and the jury be allowed to dis-perse, the verdict to be received in open court the next morning. This was the only agreement entered into by counsel. At about 11 o'clock that night the jury had not reached a verdict, and at that time the trial judge, who had gone to a hotel, was informed that the jury had not agreed upon a verdict and that the wife of one of the jurors was *very* ill. Upon receiving this information the judge from his hotel instructed the sheriff to allow the jury to disperse and go home for the night. This order was carried out and the jury dispersed. Upon the following morning, when the court reconvened, the judge, the jury, the defendant and his counsel were all present, and the judge, ascertaining that a ver-dict had not been arrived at, on his own motion declared a mis-trial of the case. At the time when the jury were allowed to dis-perse for the night the defendant was involuntarily confined in the jail, and neither he nor his counsel had any knowledge of the dispersal of the jury until the following morning. The judge ordered the dispersal without making any effort to get into com-munication with the defendant or his counsel. When the jury were allowed to disperse for the night they stood ten for acquittal and two for conviction. When the court reconvened upon the fol-lowing morning no objection was made by the defendant or his

counsel to the order of the judge declaring a mistrial. Several days afterwards the defendant was again placed upon trial for the same offense, and he filed a plea of former jeopardy, setting forth the facts as above stated. The solicitor-general orally moved to dismiss the plea, on the ground that it was insufficient in law. After argument the court dismissed the plea and ordered the defendant to trial, which proceeded to a conviction and sentence. The defendant in his bill of exceptions assigns error upon the order dismissing his plea of former jeopardy and upon the final verdict and sentence in the case.

1. A mistrial furnishes no basis for a plea of former jeopardy upon a subsequent trial of the case unless the mistrial was declared without legal cause. *Williford* v. *State,* 23 *Ga.* 1; *Nolan* v. *State,* 55 *Ga.* 521 (21 Am. Rep. 281); *Lovett* v. *State,* 80 *Ga.* 255 (4 S. E. 912); *Oliveros* v. *State,* 120 *Ga.* 237 (47 S. E. 627, 1 Ann. Cas. 114); *Bagwell* v. *State,* 129 *Ga.* 170 (58 S. E. 650).

(*a*) " At what time and under what circumstances the court shall discharge the jury from the further consideration of a criminal case is a question left pretty much to its own discretion." *Williford* v. *State,* supra.

2. Where the wife of a juror becomes *very* ill at night, humanity dictates that the juror be allowed to immediately hasten to her bedside so that he can give her his personal care and attention, and in such an emergency it was not error in the instant case for the judge to allow the jury to disperse for the night, without first obtaining the consent of the defendant and his counsel, the defendant being at the time involuntarily confined in jail, and his counsel not being in the presence of the judge, who had retired to his hotel for the night. Nor was it error for the judge upon the following morning, in open court, the defendant and his counsel being then present, to declare a mistrial of the case. Nor was it error upon the subsequent trial of the defendant to dismiss his plea of former jeopardy based upon the dispersal of the jury for the night. *Stocks* v. *State,* 91 *Ga.* 831 (18 S. E. 847). The instant case is controlled in principle by the *Stocks* case, and is distinguished by its particular facts from the Georgia cases cited and relied upon by counsel for the plaintiff in error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., dissents.*