## 26071. CRAWFORD v. HALL.

DECIDED JULY 2, 1937.

*Howard, Tiller & Howard,* for plaintiff in error.

*J. D. Tindall, J. F. Kemp, Scott Candler,* contra.

STEPHENS, P. J. ■ In a suit against the operator of an automobile parking-lot, brought by a person who had parked an automobile with the defendant, to recover for the loss of the automobile, which it was alleged was stolen as a result of the negligence of the defendant in failing to exercise due care to safeguard the property while it was in his custody, evidence that the automobile, when it was left by the plaintiff at the defendant's parking-lot with a man employed there by the defendant, was placed at the back end of the lot near a point where the lot abutted on an alley which led into a street, that the lot was fenced and protected against the alley by a barbed-wire fence, that the automobile had disappeared and the wire fence had been cut, and that "bootleggers" frequented the premises, was sufficient to authorize the inference that the defendant was negligent in caring for and safeguarding the plaintiff's automobile, and that as a result of such negligence the plaintiff's automobile was stolen.

■ Where personal property sold under a conditional bill of sale whereby title thereto is retained in the seller until the entire purchase-price is paid, and on which the purchaser holds a policy of insurance against theft, is stolen, and under the policy the insurer pays an amount purporting to represent the value of the property stolen, by paying the seller a sum sufficient to satisfy the seller's claim for the unpaid purchase-money, and by paying the balance to the purchaser, the purchaser thereby becomes the

owner of the full beneficial interest in the property and is the holder of the legal title, and may maintain against a bailee of the property a suit to recover damages for loss of the property by theft as a result of the alleged negligence of the bailee, and may recover a sum representing the full value of the property. The amount recovered, however, to the extent of the amount of insurance paid by the insurer, where it is less than the value of the property, is recoverable for the use of the insurer. 26 C. J. 466; *McCann* v. *Dixie Lake & Realty Co.*, 44 *Ga. App.* 700 (162 S. E. 869). On the trial of a suit by the purchaser, to recover against the bailee for loss of the property by theft as a result of the alleged negligence of the bailee, a charge of the court to the jury that the plaintiff, if entitled to recover, may recover the full value of the property at the time of the theft, is not error.

■ Where the suit is one to recover of the defendant for the loss of the plaintiff's automobile which the plaintiff had left with the defendant for the purpose of being parked on the defendant's parking-lot, and it is alleged that the automobile was stolen through the negligence of the defendant in failing to care for and safeguard the automobile, the exclusion from evidence of testimony of an employee of the defendant, that the defendant had instructed this servant on the parking-lot always to be careful about watching automobiles, was not harmful to the defendant, where elsewhere evidence to the same effect was admitted which consisted of the testimony of the defendant that he had boys in the front and in the back of the parking-lot to watch out for automobiles.

■ The evidence authorized the inference that the plaintiff's automobile, which had been parked with the defendant, was stolen as a result of the defendant's negligence, and that the verdict for the plaintiff, in the sum of $450, represented the full value of the automobile at the time of the theft. The verdict was not unauthorized in the amount so found, although it appeared from uncontradicted evidence that the insurer had paid the sum of $391 as representing the loss under the policy of theft insurance which the plaintiff had on the automobile, by a payment of $191 to the seller from whom the plaintiff had bought the automobile, in full satisfaction of the unpaid purchase-price, and had paid $200 to the plaintiff.

*Judgment affirmed. Sutton and Felton, JJ., concur.*