29402. BUTLER *v.* THE STATE.

DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 18, 1942.

*A. J. Whitehurst, Clifford E. Hay,* for plaintiff in error.
*J. E. Craigmiles, solicitor,* contra.

PER CURIAM. The defendant was convicted in the city court of Thomasville of the offense of possessing unstamped whisky. At a previous term of the court he had been arraigned for the same offense and the proceedings resulted in a mistrial. Upon the trial now under review the defendant filed a timely written plea of former jeopardy which was dismissed on demurrer, and that judgment was assigned as error. The case proceeded to a verdict and judgment in favor of the State; a motion for new trial was denied, and exceptions were taken to that judgment. The plea of former jeopardy alleged the following facts: That on his first trial the jury, after four hours of deliberation on their verdict, were discharged by the judge, without the consent of the accused or his counsel. No verdict was returned. No order of the court declaring a mistrial, or giving its reason therefor, was entered on the minutes of the court or in any way made matter of record. The only entry on the minutes being as follows: "The State v. J. N. Butler. No. 12351. Mistrial. The defendant waives formal arraignment, copy of accusation, list of witnesses, and demands trial by jury and pleads not guilty. This 25th day of September, 1940. A. J. Whitehurst & C. E. Hay, defendant's attorneys. Mistrial."

The following entry was on the minutes of the trial court: "The State v. J. N. Butler, No. 12351, mistrial." Thus the minutes showed that there was a mistrial declared in this case. It was unquestioned that the minutes showed that the court had jurisdiction of both the person and the subject-matter. The court may declare a mistrial for "legal cause." *Rittenberry* v. *State,* 30 *Ga. App.* 289, 291 (117 S. E. 765); *Bagwell* v. *State,* 129 *Ga.* 171 (2) (58 S. E. 650). And even if a written order or judgment declaring a mistrial and giving the legal cause therefor should be passed to make it entirely regular, yet, if the plea of former jeopardy is not the proper way to rectify or contradict the minutes, and as the minutes in this case import such an order, it not being affirmatively shown to the contrary (*Peavy* v. *Dure,* 131 *Ga.* 104 (3), 62 S. E. 47), they can not be attacked collaterally in order to show that they do not speak the truth, and we think the plea in this case of former jeopardy is not a direct attack on the minutes and for that reason does not raise the issue of the correctness or incorrectness of the same.

If the minutes do not speak the truth in the respect stated in

the plea of former jeopardy, that is, that a mistrial was declared for legal cause, they should be attacked by a proper proceeding, and if under such proper proceeding it should be determined that the minutes are erroneous and there was no proper order declaring a mistrial with the reasons therefor, the minutes should be corrected, and if they showed this when corrected, the plea of former jeopardy would be good. Code, § 81-1201; *Armstrong* v. *Lewis,* 61 *Ga.* 680 (3) ; *Lewis* v. *Armstrong,* 64 *Ga.* 645; *Saffold* v. *Banks,* 69 *Ga.* 289 (5 a) ; *Thornton* v. *Perry,* 101 *Ga.* 608 (29 S. E. 24) ; *Dixon* v. *Minnesota Lumber Co.,* 132 *Ga.* 347 (64 S. E. 71) ; *Head* v. *Yeomans,* 189 *Ga.* 335 (6 S. E. 2d, 704).

The order declaring a mistrial was granted by a court of general jurisdiction and has all the sanctity which attaches to a formal judgment, and every presumption of validity is to be indulged in its favor. *Pease* v. *Wagnon,* 93 *Ga.* 361 (20 S. E. 637) ; *Woodberry* v. *Atlas Realty Co.,* 148 *Ga.* 712 (4) (98 S. E. 472) ; *Peavy* v. *Dure,* supra; *Green* v. *Spires,* 189 *Ga.* 719, 720 (7 S. E. 2d, 246). And while a written order declaring a mistrial and the reasons therefor should have been passed in order to make the record entirely regular, in our opinion the record does not show a fatal irregularity or variance, and any error in the minutes which made them state incorrectly what transpired on the trial could have been corrected by an order nunc pro tunc. If the irregularity is not fatal, every presumption of validity being indulged in favor of the order or judgment, it is presumed to be a valid order which was passed declaring a mistrial and giving the reasons therefor, even though the clerk might not have entered it on the minutes correctly in every detail. We do not think the judge committed reversible error in dismissing on demurrer the defendant's plea of former jeopardy.

The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for new trial which contained the general grounds only.

*Judgment affirmed. Broyles, C. J., MacIntyre and Gardner, JJ., concur.*