PENNY *v.* HORTON, sheriff.

JENKINS, Presiding Justice. On February 26, 1944, Jesse Penny brought a habeas-corpus proceeding in the superior court against the sheriff. He alleged that he was being illegally detained in the common jail, under the pretense of having been convicted at the October term, 1943,

of the offense of vagrancy, although "no sentence was imposed upon him either written or oral;" that he was directed by the court to procure employment, and was at that time permitted to leave the court-room without bond; that he had procured employment as directed, and had worked continuously except when physically unable to do so until the time of his present incarceration; and that the court was without authority to impose sentence at a subsequent term or to amend or modify his sentence, had one been imposed. The court sustained a general and special demurrer to the petition and entered an order dismissing it. *Held:*

█ "In all criminal cases in which the defendant shall be found guilty or in which a plea of guilty shall be entered, and the trial judge *after imposing sentence* shall further provide that the execution of such sentence shall be suspended, such provision shall have the effect of placing such defendant on probation as provided in sections 27-2702 to 27-2705; provided, however, that nothing contained in this section shall apply to cases arising under any action for abandonment or bastardy." Code, § 27-2706. It thus appears that the provisions of this section have application only where the judge in sentencing a defendant further provides for its suspension, in which case such a provision shall operate to put the defendant on probation as provided by other named code provisions. Accordingly, the status of the defendant was not that of one laboring under a suspended sentence.

█ "Where a defendant is convicted of crime, and is not sentenced during the current term, and the failure or omission to pass sentence is not at the request or consent of the defendant, but, in the absence of any order or entry, is due altogether to the inaction or oversight of the court, the court, during the succeeding term or terms, does not lose jurisdiction of the case and the person of the defendant, so that the court may not cause the defendant to appear before the court during such subsequent term and be sentenced as if sentence were being passed during the term current with the trial." *Davis* v. *State*, 192 *Ga.* 648 (16 S. E. 2d. 428). See also *Scoggins* v. *State*, 24 *Ga. App.* 110 (100 S. E. 18).

3. Under the foregoing ruling, the court did not err in dismissing the writ.

*Judgment affirmed. All the Justices concur.*

No. 14873. JUNE 9, 1944.

*M. G. Hicks,* for plaintiff.
*H. L. Lanham, solicitor-general,* for defendant.