## 43441. PARR v. THE STATE.

ARGUED FEBRUARY 6, 1968—DECIDED MARCH 5, 1968—
REHEARING DENIED MARCH 27, 1968—

*Garland T. Byrd, Dan S. Beeland,* for appellant.

*W. B. Skipworth, Jr.,* Solicitor General, *Frank K. Martin,* for appellee.

QUILLIAN, Judge. ■ The appellant's first enumeration of error was that the trial judge erred in overruling a motion to suppress certain evidence. The motion alleged that the appellant's counsel, prior to arraignment, requested a list of the witnesses on whose testimony the charge against him was founded, as provided by *Code* § 27-1403, as amended Ga. L. 1966, pp. 430, 431; that the list was not furnished to him prior to arraignment. This enumeration is without merit because the appellant waived

a list of the witnesses. The record contains the following plea of not guilty: "The defendant waives copy of bill of indictment, and list of witnesses sworn before the grand jury, and arraignment, and pleads not guilty." See *Britten v. State,* 221 Ga. 97, 98 (2) (143 SE2d 176).

■ The second enumeration of error was that the trial judge erred in overruling a motion to correct the order declaring a mistrial. The order declaring a mistrial reads as follows: "Whereas, counsel for the defendant having made a motion for a mistrial in the above stated case, the the same is hereby granted and a mistrial declared."

The motion to correct the mistrial order alleged in part: that the trial judge ordered the mistrial after the jury had returned to the courtroom and the foreman had requested instructions concerning misdemeanor punishment; that the foreman stated that he thought that they would have a unanimous verdict within ten minutes; that the trial court inquired as to whether the State was agreeable to a mistrial and received an affirmative answer; that after consultation between defense attorneys, the court was informed that they wished for the case to continue to judgment; that the order declaring a mistrial was signed by the trial judge after the jury had dispersed and counsel had left the courtroom; that the defendant "respectfully contends that the mistrial was not granted upon the motion of counsel for the defendant."

After a hearing on the motion the trial judge entered the following order: "The above styled motion to correct order having come on for a hearing and it having been stipulated and agreed between counsel for the defendant and the solicitor general that a transcript of the record of said trial has not yet been prepared and that applicable portions of said transcript could be attached to said motion at a later date,

"And it having been agreed by counsel for the defendant that during said trial said counsel made repeated motions for a mistrial based on alleged technical errors committed by the solicitor general and by the court, and said motions were overruled,

"It is hereby the judgment of the court that after reflection the court was of the opinion that said motions were meritorious

and reversed its prior rulings and declared a mistrial due to said technical errors, and for only that reason.

"Therefore, said motion to correct order is hereby overruled and denied."

It should be noted that the order states that the trial judge declared the mistrial because after reflection he was of the opinion that the motions made by defense counsel were meritorious and for no other reason. While the appellant's motion to correct states to the contrary, there is nothing in the transcript of the trial showing that counsel for the appellant made any objection to the declaring of a mistrial. Neither does the transcript reveal that appellant's counsel ever withdrew their motions for a mistrial. While it is true the record does show that the trial judge declared the mistrial after the jury had requested instructions concerning misdemeanor punishment and the foreman had stated that he thought the jury would have a unanimous verdict within ten minutes, the trial judge stated at the time he declared the mistrial that he was doing so because of errors committed during the trial.

In *Milton v. Mitchell County Electric Membership Assn.*, 64 Ga. App. 63 (12 SE2d 367), there was a motion to vacate and change an order sustaining demurrers and dismissing the petition because the order was filed inadvertently and through mistake. The motion in the *Milton* case alleged that the trial judge had told plaintiff's attorney to deliver a message from him to the clerk of the superior court instructing the clerk not to file the order sustaining the demurrers until he received further instructions from the court; that the message was delivered to the clerk but through error the order was marked as being filed in his office. The trial judge overruled the motion and the plaintiff appealed. On page 64 of the *Milton* case this court stated: "Nowhere in the record does it appear that a proper exercise of the discretion allowed the court would have demanded that the order so passed be changed, and in the absence of such a showing, and in the absence of a showing that there was no exercise of discretion by the court, it will be conclusively presumed that the judge exercised his discretion, and on such exercise decided not to rehear the case."

In the case sub judice, as in the *Milton* case, that which appears in the transcript of the trial does not show that a different ruling of the trial judge was demanded. The trial judge's broad discretion in this type motion is further illustrated in *Short v. Kellogg & Co.*, 10 Ga. 180, 184, where there was a motion to amend the minutes of the trial court. In affirming the trial judge's order overruling the motion, Justice Lumpkin stated in the opinion that if the motion had been before him as the trial judge he would have allowed it; however, the court was unwilling to hold that the trial judge had abused his discretion. See *Drain Tile Machine Inc. v. McCannon*, 80 Ga. App. 373 (56 SE2d 165); *Banister v. Hubbard*, 82 Ga. App. 813 (62 SE2d 761).

A finding not being demanded that the trial judge abused his discretion, this enumeration of error is without merit.

■ The appellant further contends that the trial court erred in declaring a mistrial and thereafter refusing to sustain his plea in bar. The basis of the plea in bar was that the appellant had been placed in jeopardy once by being put on trial before a jury; that the judge declared a mistrial over his protest; that the jury having been discharged without his consent he could not be tried again because it would constitute double jeopardy. The appellant cites Wade v. Hunter, 336 U. S. 684 (69 SC 834, 93 LE 974) as authority for his position. We agree that if the record and transcript of the trial in the case sub judice supported the allegations of the plea in bar, the appellant's position would be sound. However, the order declaring the mistrial stated that it was done on motion of appellant's counsel. An order declaring a mistrial granted by a court of general jurisdiction has all the sanctity which attaches to a formal judgment, and every presumption of validity is to be indulged in its favor. *Butler v. State*, 68 Ga. App. 658, 660 (23 SE2d 263); *Pease v. Wagnon*, 93 Ga. 361 (20 SE 637); *Woodbery v. Atlas Realty Co.*, 148 Ga. 712 (4) (98 SE 472). The trial judge having overruled the motion to change that order, and his action in doing so having been affirmed in Division 2 of this opinion, the order and its contents must necessarily prevail over the allegations of the plea in bar. This principle is well established in *Butler*

*v. State,* 68 Ga. App. 658, supra. As was recognized in the *Butler* case, the plea of former jeopardy was not a direct attack on the order of the court declaring a mistrial and does not raise the issue of the correctness or incorrectness of the same. Hence, the mistrial order having stated that it was declared upon motion of counsel for the appellant, these enumerations of error are without merit.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*