44996, 44997.   CORDELL FORD COMPANY v. MULLIS; and vice versa.

DEEN, Judge. 1. "The relation of the owner of an automobile and the owner of a garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safe-keeping and return of the automobile." *Code* § 12-403; *Hight Accessory Place v. Lam,* 26 Ga. App. 163 (105 SE 872); *Bunn v. Broadway Parking Center,* 116 Ga. App. 85 (1) (156 SE2d 464).

2. "In a suit against a bailee for loss of property bailed, it is no defense that the bailor was insured against such loss." *Renfroe v. Fouche,* 26 Ga. App. 340 (5) (106 SE 303).

3. The undisputed evidence is to the effect that the plaintiff Mullis delivered a wrecked automobile to the defendant for repairs, which repairs were made and were of the value of $1,026.13. On a Saturday morning the car was placed in a fenced-in parking area behind the garage which had two entrances customarily closed and padlocked. Between Saturday noon and Monday morning the lot was unattended and unvisited except for the wrecker man who towed in two or three automobiles. On Monday morning it was found that the padlock had been removed and the plaintiff's car stolen. Keys had been left in the ignition switch by the defendant's employees; the car was unlocked and apparently had sufficient gasoline to be driven away, since it had been moved from one place to another on Saturday morning.

We have found no case where the Georgia courts, after determining that a bailment in the mutual interest of both parties in fact existed, has been willing to say as a matter of law what evidence will be sufficient to rebut the inference of negligence on the part of the defendant arising from proof of the bailment and a duty of ordinary care on his part to protect the property. A number of cases have upheld verdicts for the plaintiff where the property bailed was stolen from the defendant's premises. *Crawford v. Hall,* 56 Ga. App. 122 (192 SE 231); *Goodyear Clearwater Mills v. Wheeler,* 77 Ga. App. 570 (59 SE2d 184); *Loeb v. Whitton,* 77 Ga. App. 753 (49 SE2d 785). The question of common law negligence, in bailments as in other tort actions, is best left for jury determination where the minds of reasonable men might disagree as to what showing is necessary to remove the inference of negligence against the bailee. The motion for judgment notwithstanding the verdict was properly denied.

4. The objection to the plaintiff's testimony that the fair market value of the stolen automobile was $2,975 was on the basis that "the foundation that was laid for him does not show that he would be competent to give an opinion as to value, expert or nonexpert." Anyone may testify as to value if he has had an opportunity for forming a correct opinion. *Code* § 38-1709. The competency of the witness on this subject is usually for the court; his credibility is for the jury. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1) (76 SE 387, AC 1914A 880). The judge did not abuse his discretion in admitting this evidence, particularly in view of past knowledge

of value of automobiles on the part of the witness coupled with the fact that he had purchased this particular car, was familiar with it, and following the wreck had been engaged in having it repaired.

5. A motion for mistrial was made on the ground that counsel for the plaintiff in his closing argument stated to the jury that "the plaintiff as a matter of law was entitled to recover." The court then stated: "I think he went a little too far . . . both sides have moved for a directed verdict and if his positions are correct it would be a matter for a directed verdict, if they are incorrect it would not be a matter of law and that would be for the jury to pass on." Counsel then said, "I was planning before I was interrupted—that matter of law—of course in accordance with the instructions of the court to the jury as to the law of the case . . . these jurors are to make a determination of this case themselves and I don't charge them the law, the court charges them the law." The jury was present during the exchange. The trial court showed no abuse of discretion in overruling the motion.

6. Plaintiff's action laid the value of the car in question at $3,000, and he testified that it was in fact worth $2,975; a verdict of $2,250 was returned by the jury. From the evidence as a whole it is obvious that all of these figures have reference to the vehicle in its repaired condition. It is undisputed that the repairs were made and that their value was $1,026.13. The defendant counter-sued the plaintiff for the unpaid repair bill in this amount, as to which issue the court directed a verdict in favor of the defendant which plaintiff enumerates as error in his cross appeal.

This appears to be a case where the right result has been reached for the wrong reasons. The value of the automobile which this plaintiff is entitled to recover from this defendant is either the value at the time it was turned over to the defendant, or it is the value at the time of loss, in which latter event the defendant would be entitled to the amount of the repair bill as evidence of the amount by which the value of the car had been increased due to its furnishing of labor and materials. The plaintiff cannot have it both ways. "When the contract of bailment was created, it imposed upon the bailee an implied obligation to return the property free from injury or in the same condition the property was in when the bailee received it." *A.A.A. Parking, Inc. v. Bigger*, 113 Ga.

App. 578 (2a) (149 SE2d 255). Had the loss occurred without negligence on the part of the bailee, it would have been entitled to recover for repairs made prior thereto (*Code* § 12-412), and both issues should have been left to the jury with proper instructions to that effect, but since the plaintiff is recovering the value of the automobile, not as turned over by him to the repairman, but after the repair, it necessarily follows that the defendant *then* becomes entitled to deduct the contract price of the repairs by which the value has been enhanced. Any other decision would leave the plaintiff recovering more than he sued for and more than he testified to as the value of the vehicle. The verdicts as they stand give the plaintiff credit for the full market value of the vehicle as found by the jury and the defendant credit for that part of such value due to its completion of the contract to repair.

*Judgment affirmed on the main bill and on the cross bill. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*Wm. Malcolm Towson,* for appellant.
*Paul J. Jones, Jr., Eric L. Jones,* for appellee.