## 51431. WHITE v. THE STATE.

QUILLIAN, Judge.
Appellant/defendant was charged with the murder of his brother-in-law. The jury returned a verdict of guilty of voluntary manslaughter. He was sentenced to the custody of the Youthful Offender Division of the State Board of Corrections "for a term not to exceed six (6) years." From this verdict and sentence, his appeal was filed with this court. *Held:*
1. Defendant alleges that the court erred in permitting a member of the jury to transcribe, in

shorthand, a portion of the court's recharge on the definition of the offenses of murder and voluntary manslaughter. After the jury had been charged and sequestered, it requested the recharge. The foreman asked the court if a member of the jury, a secretary, could "take this down in shorthand." The court had no objection and the record reveals that no one else voiced any objection.

Ordinarily the taking of notes by jurors during a trial is not considered to be error, and in the absence of special or unusual circumstances, the matter will be left to the discretion of the judge. *Holcomb v. State,* 130 Ga. App. 154, 157 (4) (202 SE2d 529). Our Supreme Court held in *Gholston v. Gholston,* 31 Ga. 625, 638, that the sending of the written charge into the sequestered jury was "an unsafe practice." However, the later decision of *Chattahoochee Brick Co. v. Sullivan,* 86 Ga. 50 (6) (12 SE 216), held that where the charge is sent out with the jury if "no objection was made by counsel . . . we think it is no cause for a new trial." 86 Ga., p. 67. It is the duty of counsel to make seasonal objection to any matter deemed error or injurious to the rights of his client. The absence of objection indicates to this court his legal view at trial of the practice or procedure he observed and countenanced by his silence.

An enumeration of error complaining of admission of evidence or of documents going out with the jury presents nothing for decision by this court where no objection was made at the trial. *Morris v. State,* 200 Ga. 471 (1) (37 SE2d 345). Accord: *McKay v. State,* 200 Ga. 120 (3b) (36 SE2d 55); *Smithwick v. State,* 199 Ga. 292 (10) (34 SE2d 28). If counsel know of misconduct on the part of the jury during trial, they should bring the same to the attention of the court immediately, or it will be held to have been waived. *Lyman v. State,* 69 Ga. 404 (4). The procedure complained of here was waived by failure to object.

2. On May 13, 1974, counsel for defendant demanded "a list of the names of the witnesses upon whose testimony such charge is founded, and who were sworn and gave evidence thereon before the grand jury." Defendant was provided a partial list of witnesses who would be called by the state. Four witnesses were called and testified for the

state whose names were not on the list provided. Defendant's objections to their testimony were overruled. He enumerates this as error.

Defendant was provided with a copy of the indictment, which had a partial list of the witnesses used, on July 13, 1974. The defendant and both of his counsel signed a statement on the indictment which reads: "The defendant *John Alan White* waives copy of Bill of Indictment and list of witnesses . . ." The defendant waived his right to the list of witnesses and the prosecution was entitled to rely on this waiver. *Parr v. State,* 117 Ga. App. 484 (1) (160 SE2d 865).

The defendant contended that they did not waive a list of the witnesses and so stated at the arraignment. The court recessed to examine the taped recording of the arraignment and found it to be inaudible. There being nothing in the record or transcript to rebut the written waiver, the presumption is that the trial judge properly discharged his duties. *Dalton v. State,* 127 Ga. App. 504 (2) (194 SE2d 268). We find this enumeration to be without merit.

3. The final enumeration of error requiring discussion asserts that the court entered a sentence which was unauthorized by law. We agree. The trial court sentenced defendant "to the custody of the Youthful Offender Division of the State Board of Corrections for a term not to exceed six (6) years." The defendant attained 25 years of age on January 20, 1974. Code Ann. § 77-346 (g) (Ga. L. 1972, p. 592; 1973, p. 581; 1975, pp. 900, 901) defines a "youthful offender" to be a person "less than 25 years of age at the time of conviction." Defendant was over 25 years of age at the time of conviction and the record must be returned to the trial court for resentencing.

4. The remaining enumerations of error are without merit.

*Judgment affirmed in part, and reversed in part with direction. Pannell, P. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED DECEMBER 5, 1975.

*Erwin Mitchell, E. Neil Wester, III,* for appellant.
*Samuel Brantley, District Attorney,* for appellee.