71805. JAMES v. THE STATE.
(348 SE2d 502)

McMURRAY, Presiding Judge.

The defendant was indicted for malice murder and was tried twice before a jury in the Laurens County Superior Court. The first trial ended in a mistrial. The evidence adduced at the second trial revealed the following: On August 2, 1984, the defendant was watching over a pool hall in Dublin, Georgia, in the absence of his son who was employed there, when the victim caused a disturbance. The defendant went to his car, obtained a handgun and ordered the victim to leave and the victim did leave. A while later, the defendant left the pool hall and encountered the victim on the street. Feeling threatened, the defendant pulled a pistol from his pocket and, with one shot, killed the victim. The victim was unarmed at the time of the

shooting and, upon cross-examination, the defendant admitted that he did not see, nor had he ever seen, the victim with a weapon. From this and other evidence, the jury found the defendant guilty of voluntary manslaughter. The defendant's motion for new trial was denied and this appeal followed. *Held*:

1. In his first enumeration of error the defendant contends that the trial court erred in declaring a mistrial during his first trial and subsequently overruling his plea of former jeopardy. The defendant argues that instead of declaring a mistrial, the trial court should have granted the defendant's motion for a directed verdict of acquittal, thereby barring a retrial under the same indictment because doing so would constitute double jeopardy.

At the first trial, during the State's opening statement, the defendant moved for a mistrial. This motion was overruled and the trial proceeded. After the State had rested its case, the trial court entered an order declaring a mistrial. The defendant objected to this order, arguing that the trial court should have directed a verdict of acquittal. The trial judge overruled this objection, and held that he was "going to grant the [defendant's] motion for mistrial made earlier at the beginning of the case." As the order declaring a mistrial stated that it was done on motion of the defendant's counsel, the trial court did not err in overruling defendant's plea of former jeopardy. See *Parr v. State*, 117 Ga. App. 484, 487 (3) (160 SE2d 865). Consequently, this enumeration is without merit. See also Daniel, Ga. Crim. Trial Prac. (1985 ed.), § 20-24.

2. The defendant next contends that the trial court erred by "interrupting the defendant's testimony for the further presentation of evidence by the state." The events which form the basis of this enumeration of error occurred during the State's cross-examination of the defendant. The record shows that the State's attorney was attempting to impeach the defendant, using a transcript of a tape recorded statement made by the defendant, when the defendant's attorney objected. After hearing the basis of the defendant's objection, the trial court conducted a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing and concluded "that the [defendant's] statement was freely and voluntarily made" and allowed the statement to be used "solely for the purpose of impeachment." Following this ruling the defendant rested his case. However, the trial court compelled the defendant to take the stand for further cross-examination. The defendant's statement was later read into the record. From these facts the defendant argues that "[t]he prosecution, with aid of the judge, took control of defendant's case, thereby depriving the defendant of his right to effective assistance of counsel for an orderly presentation."

"After voluntarily taking the stand at trial [the defendant] was

subject to [cross-examination and] impeachment as any other witness. [OCGA § 24-9-20 (b)]." *Williams v. State*, 165 Ga. App. 72, 75 (3) (299 SE2d 405). Once the defendant has taken the stand and testified, he may not avoid cross-examination by resting his case. Consequently, in the case sub judice, we find that the trial court did not err in compelling the defendant to take the stand for further cross-examination by the State. We also find that the trial court did not err by "interrupting the defendant's testimony" in order to conduct a *Jackson v. Denno* hearing. See *Wilson v. State*, 254 Ga. 679, 680 (2) (333 SE2d 589), and *Fain v. State*, 165 Ga. App. 188, 189 (6) (300 SE2d 197). This enumeration is without merit.

3. Defendant contends in his third and fourth enumerations of error that the trial court erred in giving the following jury instruction: "When witnesses appear and testify, they are presumed to speak the truth and are to be believed. . . ." The defendant argues that this charge unconstitutionally shifted the State's burden of proof, forcing the defendant to introduce evidence in order to prove his innocence. We do not agree. A review of the trial court's jury charges shows that the "presumption of truthfulness" instruction was given as a portion of the charge on impeachment of witnesses. In this context, the trial court informed the jury that they were the "exclusive judges of what witnesses they will believe and disbelieve," informing the jury that a witness' credibility could be weighed by several factors, including "[t]he witnesses' manner of testifying, their intelligence, their interest or lack of interest, their means and opportunity for knowing the facts to which they testify and the nature of the facts to which they testify." Further, "there were numerous instructions as to the state's burden of proving each element of the crime beyond a reasonable doubt. The judge fully and fairly charged on the presumption of innocence which remained with [the defendant] until proved guilty beyond a reasonable doubt. [Consequently, in the case sub judice, it] is clear that when the charge is considered as a whole, including the challenged portion in its context, the ultimate burden of persuasion . . . was in no way shifted from the state to [the defendant]." *Ivie v. State*, 151 Ga. App. 496, 500 (4) (260 SE2d 543). See *Cupp v. Naughten*, 414 U. S. 141 (94 SC 396, 38 LE2d 368), where the United States Supreme Court held that the "presumption of truthfulness" instruction, where viewed in "the context of the overall charge, . . . neither shifted the burden of proof to the defendant nor negated the presumption of innocence accorded under state law. [Cit.]"

4. In his next three enumerations of error the defendant challenges the following jury instruction: "However, if you determine in your minds absolutely that a witness' testimony is impeached and is thus discredited, *then it is your duty to disregard such testimony* unless such testimony is corroborated." "Standing alone this excerpt

is error, as the jury have the right to determine for themselves the credibility of a witness, even if they find he has been 'successfully' impeached. Civil Code (1910), § 5884 [now OCGA § 24-9-85]. When, however, this excerpt is considered with its immediate context, it does not require a new trial of the case." *Scoggins v. State*, 23 Ga. App. 366 (1) (98 SE 240). In the case sub judice, immediately following the challenged excerpt from the jury charges, the trial court informed the jury that "[i]t is always a matter for the jury to determine whether or not a witness has in fact been discredited." Immediately before the challenged excerpt, the trial court gave the following instruction: "It is the exclusive function of the jury under all the circumstances in the case to determine whether a witness' testimony is or is not believable." Elsewhere in the jury charge, the trial court concluded that "[i]n the final analysis, the jury are the sole judges of what witnesses they will believe and disbelieve and what testimony they will credit or discredit." Consequently, reading the trial court's jury instructions as a whole, we find no error which requires reversal. See *Ingram v. State*, 160 Ga. App. 300, 301 (3) (287 SE2d 304). See also *Scoggins v. State*, 23 Ga. App. 366, supra.

5. We have considered all collateral issues raised in the defendant's third, fourth, fifth, sixth and seventh enumerations of error, challenging the trial court's jury charge regarding the credibility of witnesses' testimony and impeachment of witnesses, and we find these arguments to be cumulative of the issues presented in Divisions 3 and 4 of this opinion. Consequently, for reasons already stated, the issues raised in these enumerations of error are meritless.

6. In his final enumeration of error the defendant argues that a corrective instruction given by the trial judge after the jury had begun deliberations did not remove prejudice caused by a previously erroneous instruction.

In its instructions to the jury the trial court gave an alleged erroneous charge concerning self-defense. After the jury began deliberation, the court recalled the jury, withdrew its previous instruction on self-defense, instructed the jury to disregard the previous instruction and gave another charge in lieu thereof. The defendant did not challenge the validity of the corrective charge.

Assuming the first charge was erroneous, "it could . . . be corrected by the judge expressly withdrawing it and instructing the jury to disregard it." *Salisbury v. State*, 221 Ga. 718, 719 (2) (146 SE2d 776); *Murray v. State*, 254 Ga. 351, 352 (2) (329 SE2d 485). See *Smith v. State*, 74 Ga. App. 777, 793 (9) (41 SE2d 541). Since this was done in the case sub judice, any error was made harmless.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 29, 1986 ▮

Robert L. Doyel, Billy Kight, for appellant.
Beverly B. Hayes, District Attorney, B. H. Baldwin, Assistant District Attorney, for appellee.