72905. MONTGOMERY v. THE STATE.
(351 SE2d 511)

BENHAM, Judge.

Appellant was convicted of possession of marijuana with intent to distribute, and here appeals the judgment of conviction, raising two enumerations of error. We affirm the judgment.

1. Appellant contends that the trial court erred in allowing into

evidence a statement appellant made to Detective Higginbotham, the arresting officer, because the statement was not reduced to writing and signed by appellant. Before allowing the detective to testify about the statement, the trial court held a *Jackson-Denno* hearing, at which it was determined that appellant had been read his *Miranda* rights and had said that he understood them; that he did not show any signs of being under the influence of alcohol, drugs, or other stimulants; and that he agreed to talk to the detective without a lawyer. He did not sign a waiver of rights form. The statement appellant made was that he had given some money to Charles Coaston to go to Savannah and pick up marijuana, and he and Coaston had 46 bags each of marijuana that they began selling for $10 a bag. He also stated that he had given a man named Reggie approximately 20 bags to sell. The detective then asked appellant whether the brown bag of marijuana appellant had discarded while being chased by the detective was his, and he replied, "Yes." Appellant cross-examined the detective but did not offer any evidence to rebut his testimony. The *Jackson-Denno* hearing was sufficient to authorize the trial court to allow appellant's confession to be admitted into evidence, and the fact that it was not reduced to writing did not render it inadmissible. *Hayes v. State*, 152 Ga. App. 858 (3) (264 SE2d 307) (1980). Appellant's enumeration has no merit.

2. During jury deliberations, one of the jurors sent the court a note asking whether appellant's unsigned statement to Det. Higginbotham was admissible as evidence. The trial court answered, "Yes," and explained to the jury that "the actual typewritten part was not admitted into evidence as an exhibit, but by it being read to you, it is evidence to be considered as evidence along with all the other evidence in the case. Whatever weight you give it, that's up to you to decide." The typewritten document was not given to the jury with the other exhibits. Appellant asserts here that the trial court should have answered, "No." Our review of the record and our holding in Division 1 of this opinion show that there is no basis for appellant's assertion, and even if there had been, since appellant made no objection at trial, he waived his right of appellate review. *White v. State*, 137 Ga. App. 9 (1) (223 SE2d 24) (1975).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1986.

*Lloyd D. Murray*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.